JH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUZANNE E. MALEC McKENNA, as Executor )
and Personal Representative of the Estate of )
MICHAEL R. MALEC McKENNA, Deceased, )
)
          Plaintiff, )
)
vs. )
)
ALLIEDBARTON SECURITY SERVICES, LLC )
a/k/a ALLIEDBARTON SECURITY SERVICES, )
UST-GEPT, a Joint Venture, )
GE ASSET MANAGEMENT, INC., )
NACA LTD PARTNERSHIP, )
NACA MADISON, LLC, )
NACA REALTY CORPORATION, )
NACA Limited Partnership, an affiliate of General )
Electric Pension Trust, )
UST XV Madison Ltd., an Affiliate of Estein )
& Associates, )
MB REAL ESTATE SERVICES, LLC, )
)
          Defendants. )

07CV0082
JUDGE ST.EVE
MAG.JUDGE KEYS

FILED

JAN · 5 2007 *rq*
Jan. 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF REMOVAL

TO:    Larry R. Rogers, Jr.             Robert Burke
        Power, Rogers & Smith, PC      Johnson & Bell, Ltd.
        70 W. Madison Street, 55th Floor  33 W. Monroe, Suite 2700
        Chicago, Illinois 60602          Chicago, Illinois 60603

      Defendant, ALLIEDBARTON SECURITY SERVICES, LLC, a/k/a ALLIEDBARTON

SECURITY SERVICES ("AlliedBarton"), hereby provides its Notice of Removal pursuant to 28

U.S.C.A. § 1441. The grounds for removal are as follows:

      1.     On December 29, 2006, plaintiff filed a Complaint in the Circuit Court of Cook

County, Chicago, Illinois, Law Division, entitled <u>Suzanne E. Malec McKenna, as Executor and</u>

<u>Personal Representative of the Estate of Michael R. Malec McKenna, Deceased, v. AlliedBarton</u>

<u>Security Services, LLC, a/k/a AlliedBarton Security Services, USP-GEPT, a Joint Venture, GE</u>

Asset Management, Inc., NACA Ltd. Partnership, NACA Madison, LLC, NACA Realty Corporation, NACA Limited Partnership, an affiliate of General Electric Pension Trust, UST XV Madison Ltd., an Affiliate of Estein & Associates, MB Real Estate Service, LLC. Case No. 2006-L-13619.  (See copy of plaintiff's complaint, attached hereto as "Exhibit A".)

     2.     Defendant AlliedBarton was served with plaintiff's complaint by personal service on January 4, 2007. (See copy of Service of Process Transmittal, attached hereto as "Exhibit B".)

     3.     AlliedBarton is a Delaware corporation having its principal place of business located in Pennsylvania. (See Affidavit of Peter G. Skiko, attached hereto as "Exhibit C".)

     4.     Upon information and belief, MB Real Estate Services, LLC was purportedly served by special process server on January 3, 2007.

     5.     Defendant MB Real Estate Services, LLC is comprised of two members, one whose residence and citizenship is in New York and one whose residence and citizenship is in Connecticut. The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998).

     6.     Defendant MB Real Estate Services, LLC consents to the removal of this case. (See Defendant MB Real Estate Services, LLC's Consent to Remove, attached hereto as "Exhibit D".)

     7.     Upon information and belief, no other defendants have been properly served to date.

     8.     Upon information and belief, the plaintiff, Suzanne E. Malec, is a citizen of the State of Illinois.

     9.     There is complete diversity of citizenship of the joined and served parties pursuant to 28 U.S.C.A. § 1332.

10.     The amount in controversy also exceeds $75,000, exclusive of costs and interest. (See "Exhibit C".)

11.     Pursuant to 28 U.S.C. § 1446(a), plaintiff's complaint is attached to this Notice of Removal. (See "Exhibit A".)

12.     AlliedBarton has filed this Notice of Removal within thirty (30) days of service.

13.     This court has original jurisdiction over the underlying state court pursuant to the provisions of 28 U.S.C.A. § 1332. This action may be removed pursuant to the provisions of 28 U.S.C.A. § 1441 and § 1446 because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

14.     The defendant has given written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Cook County Circuit Court – Law Division, Chicago, Illinois.  (See Notice of Filing attached hereto as "Exhibit E".)

Respectfully Submitted,

One of the attorneys for the Defendant,
ALLIEDBARTON SECURITY SERVICES

Peter G. Skiko, Attorney I.D. #6210089
Anthony J. Monaco, Attorney I.D. #6286828
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 - fax

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SUZANNE E. MALEC McKENNA, as Executor )
and Personal Representative of the Estate of )
MICHAEL R. MALEC McKENNA, Deceased, )
                                          )
            Plaintiff,                    )
                                          )        No.
vs.                                       )
                                          )        2006L013619
ALLIEDBARTON SECURITY SERVICES, LLC )             CALENDAR/ROOM B
a/k/a ALLIEDBARTON SECURITY SERVICES; )
UST-GEPT, a Joint Venture;                )
GE ASSET MANAGEMENT, INC;                 )
NACA LTD PARTNERSHIP;                     )
NACA MADISON, LLC;                        )
NACA REALTY CORPORATION;                  )
NACA Limited Partnership, an affiliate of General )   **JURY DEMAND**
Electric Pension Trust;                   )
UST XV Madison Ltd., an Affiliate of Estein )
& Associates;                             )
MB REAL ESTATE SERVICES LLC;              )
                                          )
            Defendants.                   )

## COMPLAINT AT LAW

### Count I
(Wrongful Death- ALLIEDBARTON SECURITY SERVICES, LLC.
a/k/a ALLIEDBARTON SECURITY SERVICES)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her

attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, ALLIEDBARTON

SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter

"ALLIEDBARTON"), pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located

at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.


EXHIBIT
A

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison, Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter

2

"ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.     On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the 500 West Madison Street building.

10.     On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access

11.     On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.     On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON.

13.     On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.     On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15.     On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, ALLIEDBARTON, was then and there negligent in one or more of the following respects:

        a.     failed to provide adequate building security; or

        b.     failed to timely alert the police; or

        c.     failed to provide a safe and secure work environment; or

3

> d.    failed to provide an adequate amount of security guards in the building; or
>
> e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or
>
> f.    failed to properly train their security personnel; or
>
> g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or
>
> h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or
>
> i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or
>
> j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or
>
> k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.    At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY

4

SERVICES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count II
### (Survival Count- ALLIEDBARTON SECURITY SERVICES, LLC.
### a/k/a ALLIEDBARTON SECURITY SERVICES)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant,

ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY

SERVICES (hereinafter "ALLIEDBARTON"), pleading hypothetically and in the alternative,

state as follows:

1.      On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.      On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.      On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.      On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.      On or about December 8, 2006, and at all times material, NACA LTD

Partnership;  NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

6

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON.

7

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods,

Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

MALEC McKENNA.

15.    On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide

adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant,

ALLIEDBARTON, was then and there negligent in one or more of the following respects:

    a.    failed to provide adequate building security; or

    b.    failed to timely alert the police; or

    c.    failed to provide a safe and secure work environment; or

    d.    failed to provide an adequate amount of security guards in the building; or

    e.    failed to have and/or implement standard operating procedures for keeping
          a record of who and when a person is denied access to the building; or

    f.    failed to properly train their security personnel; or

    g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West
          Madison building; or

    h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of
          the 500 West Madison Street building; or

    i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna;
          or

    j.    failed to physically restrain Joseph Jackson prior to his shooting Michael
          Malec McKenna; or

    k.    was otherwise negligent.

8

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

9

## Count III
(Wrongful Death- UST-GEPT, a Joint Venture)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST-GEPT, a Joint Venture, pleading hypothetically and in the alternative, state as follows:

1.   On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.   On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.   On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.   On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.   On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.   On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an

10

Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, UST-GEPT provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST-GEPT.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

11

MALEC McKENNA.

15.    On or about December 8, 2006, UST-GEPT owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, UST-GEPT, was then and there negligent in one or more of the following respects:

   a.    failed to provide adequate building security; or

   b.    failed to timely alert the police; or

   c.    failed to provide a safe and secure work environment; or

   d.    failed to provide an adequate amount of security guards in the building; or

   e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

   f.    failed to properly train their security personnel; or

   g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

   h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

   i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

   j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

   k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.    At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him:

12

Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST-GEPT, a Joint Venture., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count IV
### (Survival Count- UST-GEPT, a Joint Venture)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST-GEPT, a Joint Venture, pleading hypothetically and in the alternative, state as follows:

1.      On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.      On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.      On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.      On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.      On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.      On or about December 8, 2006, and at all times material, UST XV Madison Ltd.,

14

an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, UST-GEPT provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST-GEPT.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

15

MALEC McKENNA.

15.    On or about December 8, 2006, UST-GEPT owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, UST-GEPT, was then and there negligent in one or more of the following respects:

a.    failed to provide adequate building security; or

b.    failed to timely alert the police; or

c.    failed to provide a safe and secure work environment; or

d.    failed to provide an adequate amount of security guards in the building; or

e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.    failed to properly train their security personnel; or

g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

16

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, UST-GEPT, a Joint Venture, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

17

## Count V
### (Wrongful Death- GE ASSET MANAGEMENT, INC.)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, GE ASSET MANAGEMENT, INC., pleading hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an

18

Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, GE provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of GE.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

19

MALEC McKENNA.

15.    On or about December 8, 2006, GE owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, GE, was then and there negligent in one or more of the following respects:

a.    failed to provide adequate building security; or

b.    failed to timely alert the police; or

c.    failed to provide a safe and secure work environment; or

d.    failed to provide an adequate amount of security guards in the building; or

e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.    failed to properly train their security personnel; or

g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.    At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, GE ASSET MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

21

### Count VI
#### (Survival Count- GE ASSET MANAGEMENT, INC.)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, GE ASSET

MANAGEMENT, INC., pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or

operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

22

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, GE provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of GE.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

23

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

MALEC McKENNA.

15.    On or about December 8, 2006, GE owed a duty of care to provide adequate and

proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, GE, was

then and there negligent in one or more of the following respects:

      a.    failed to provide adequate building security; or

      b.    failed to timely alert the police; or

      c.    failed to provide a safe and secure work environment; or

      d.    failed to provide an adequate amount of security guards in the building; or

      e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

      f.    failed to properly train their security personnel; or

      g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

      h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

      i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

      j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

      k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL

R. MALEC McKENNA was injured and later died.

24

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, GE ASSET MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count VII
### (Wrongful Death- NACA LTD. PARTNERSHIP; NACA MADISON, LLC
### NACA REALTY CORPORATION; and
### NACA Limited Partnership, an affiliate of General Electric Pension Trust)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, (hereinafter "NACA")pleading hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an

26

Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, NACA provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of NACA.

27

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15.    On or about December 8, 2006, NACA owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, NACA, was then and there negligent in one or more of the following respects:

      a.    failed to provide adequate building security; or

      b.    failed to timely alert the police; or

      c.    failed to provide a safe and secure work environment; or

      d.    failed to provide an adequate amount of security guards in the building; or

      e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

      f.    failed to properly train their security personnel; or

      g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

      h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

      i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

      j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

      k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors

28

of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.    At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count VIII
(Survival Count- NACA LTD. PARTNERSHIP; NACA MADISON, LLC;
NACA REALTY CORPORATION; and
NACA Limited Partnership, an affiliate of General Electric Pension Trust, )

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendants, NACA

LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and

NACA Limited Partnership, an affiliate of General Electric Pension Trust,  pleading

hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD

Partnership;  NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

30

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois..

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, NACA provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of NACA.

31

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods,

Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

MALEC McKENNA.

15.    On or about December 8, 2006, NACA owed a duty of care to provide adequate

and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, NACA, was

then and there negligent in one or more of the following respects:

      a.    failed to provide adequate building security; or

      b.    failed to timely alert the police; or

      c.    failed to provide a safe and secure work environment; or

      d.    failed to provide an adequate amount of security guards in the building; or

      e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

      f.    failed to properly train their security personnel; or

      g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

      h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

      i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

      j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

      k.    was otherwise negligent.

32

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count IX
(Wrongful Death- UST XV Madison Ltd., an Affiliate of Estein & Associates)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

34

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.     On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.     On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.     On or about December 8, 2006, and at all times material, UST provided security services to the 500 West Madison Street building.

10.     On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.     On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.     On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST.

13.     On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

35

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15.    On or about December 8, 2006, UST owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, UST, was then and there negligent in one or more of the following respects:

  a.    failed to provide adequate building security; or

  b.    failed to timely alert the police; or

  c.    failed to provide a safe and secure work environment; or

  d.    failed to provide an adequate amount of security guards in the building; or

  e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

  f.    failed to properly train their security personnel; or

  g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

  h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

  i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

  j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

  k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

36

18.     At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count X

(Survival Count- UST XV Madison Ltd., an Affiliate of Estein & Associates)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

38

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, UST provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

39

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

MALEC McKENNA.

15.    On or about December 8, 2006, UST owed a duty of care to provide adequate and

proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, UST, was

then and there negligent in one or more of the following respects:

       a.    failed to provide adequate building security; or

       b.    failed to timely alert the police; or

       c.    failed to provide a safe and secure work environment; or

       d.    failed to provide an adequate amount of security guards in the building; or

       e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

       f.    failed to properly train their security personnel; or

       g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

       h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

       i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

       j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

       k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL

R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count XI
### (Wrongful Death- MB REAL ESTATE SERVICES, LLC.)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, MB REAL ESTATE SERVICES, LLC., pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an

Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, MB provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of MB.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

43

MALEC McKENNA.

15.   On or about December 8, 2006, MB owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.   On or about December 8, 2006, and at all times material, Defendant, MB, was then and there negligent in one or more of the following respects:

     a.    failed to provide adequate building security; or

     b.    failed to timely alert the police; or

     c.    failed to provide a safe and secure work environment; or

     d.    failed to provide an adequate amount of security guards in the building; or

     e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

     f.    failed to properly train their security personnel; or

     g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

     h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

     i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

     j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

     k.    was otherwise negligent.

17.   As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.   At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him:

44

Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, MB REAL ESTATE SERVICES, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count XII
### (Survival Count- MB REAL ESTATE SERVICES LLC)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, MB REAL ESTATE SERVICES LLC, pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd.,

46

an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, MB provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of MB.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

47

MALEC McKENNA.

15.    On or about December 8, 2006, MB owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, MB, was then and there negligent in one or more of the following respects:

a.    failed to provide adequate building security; or

b.    failed to timely alert the police; or

c.    failed to provide a safe and secure work environment; or

d.    failed to provide an adequate amount of security guards in the building; or

e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.    failed to properly train their security personnel; or

g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, MB REAL ESTATE SERVICES LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

By: _____
    Attorneys for Plaintiff

Joseph A. Power, Jr.
Larry R. Rogers
POWER, ROGERS & SMITH, P.C.
70 West Madison Street
55th Floor
Chicago, IL 60602-4212
Phone No. 312/236-9381
Atty. No. 31444

**Service of Process
Transmittal**
01/04/2007
Log Number 511781004

**TO:**   Michael Meehan, VP & Assistant General Counsel
AlliedBarton Security Services, LLC
3606 Horizon Drive
King of Prussia, PA, 19406-

**RE:**   **Process Served in Illinois**

**FOR:**   AlliedBarton Security Services, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Suzanne E. Malec McKenna, as Executor and Personal Representative of the Estate of Michael R. Malec McKenna, Deceased, Pltf. vs. Alliedbarton Security Services, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County, IL - Cook County Department - Law Division, IL<br>Case # 06 L 13619 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - 12/08/06 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/04/2007 at 11:33 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service of this Summons, Not Counting the Day of Service |
| **ATTORNEY(S) / SENDER(S):** | Larry R. Rogers<br>Power Rogers & Smith, P.C.<br>70 West Madison Street<br>Chicago, IL, 60602<br>312-236-9381 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790642842373<br>Image SOP - Page(s): 53<br>Email Notification, Michael Meehan michael.meehan@alliedbarton.com<br>Email Notification, Jennifer Deal jennifer.deal@alliedbarton.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604<br>312-345-4336 |

Page 1 of  1 / FR

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said docu...
taking appropriate action. Signatures on certified
confirm receipt of the package only, not of its con...



EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE E. MALEC McKENNA, as Executor<br>and Personal Representative of the Estate of<br>MICHAEL R. MALEC McKENNA, Deceased, | ) <br>) <br>) <br>) | |
| Plaintiff, | ) | |
| vs. | ) <br>) | Case No. |
| ALLIEDBARTON SECURITY SERVICES, LLC<br>a/k/a ALLIEDBARTON SECURITY SERVICES,<br>UST-GEPT, a Joint Venture,<br>GE ASSET MANAGEMENT, INC.,<br>NACA LTD PARTNERSHIP,<br>NACA MADISON, LLC,<br>NACA REALTY CORPORATION,<br>NACA Limited Partnership, an affiliate of General<br>Electric Pension Trust,<br>UST XV Madison Ltd., an Affiliate of Estein<br>& Associates,<br>MB REAL ESTATE SERVICES, LLC, | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | |
| Defendants. | ) <br>) | |

## **AFFIDAVIT**

Peter G. Skiko being first duly sworn on oath deposes and says that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1.    I am an attorney for AlliedBarton Security Services, LLC ("AlliedBarton") in the *McKenna* litigation.

2.    I am knowledgeable about the citizenship and principal place of business of AlliedBarton.  AlliedBarton is a Delaware corporation having its principal place of business located in Pennsylvania.

3.    The amount in controversy exceeds $75,000, exclusive of costs and interest.



Peter G. Skiko

Signed and sworn before me
this 5th day of January, 2007.

Notary Public

OFFICIAL SEAL
CHRISTEUR FRANCIS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 12 28 09

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION,**

| | |
|---|---|
| **SUZANNE E. MALEC MCKENNA**, as Executor and Personal Representative of the Estate of **MICHAEL R. MALEC MCKENNA**, deceased<br><br>Plaintiff,<br><br>-vs-<br><br>**ALLIEDBARTON SECURITY SERVICES, LLC A/K/A ALLIEDBARTON SECURITY SERVICES; UST-GEPT,** a Joint Venture; **GE ASSET MANAGEMENT, INC., NACA, LTD. PARTNERSHIP; NACA MADISON, LLC.; NACA REALTY CORPORATION; NACA LIMITED PARTNERSHIP,** an affiliate of General Electric Pension Trust; **UST XV MADISON, LTD.,** an Affiliate of Estein & Associates; **MB REAL ESTATE SERVICES, L.L.C.,**<br><br>Defendants. | Case No.: 06 L 013619<br>(Circuit Court of Cook County) |

### NOTICE OF CONSENT TO REMOVAL OF CIVIL ACTION

**NOW COMES MB REAL ESTATE SERVICES, L.L.C.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and hereby gives notices of its consent to removal of this action from the Circuit Court of Cook County, Illinois, and the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. 1441, 1446 and 49 U.S.C. 14706. This Defendant was purportedly served with Summons and complaint on January 3, 2007.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _Robert M Burke_

Robert M. Burke, one of the
Attorneys for MB Real Estate
Services, L.L.C.

**EXHIBIT**

D

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

SUZANNE E. MALEC McKENNA, as Executor )
and Personal Representative of the Estate of )
MICHAEL R. MALEC McKENNA, Deceased, )
                                  )
             Plaintiff, )
vs.                            )       No.  06 L 13619 "B"
                                    )
ALLIEDBARTON SECURITY SERVICES, LLC )
a/k/a ALLIEDBARTON SECURITY SERVICES, )
UST-GEPT, a Joint Venture, )
GE ASSET MANAGEMENT, INC., )
NACA LTD PARTNERSHIP, )
NACA MADISON, LLC, )
NACA REALTY CORPORATION, )
NACA Limited Partnership, an affiliate of General )
Electric Pension Trust, )
UST XV Madison Ltd., an Affiliate of Estein )
& Associates, )
MB REAL ESTATE SERVICES, LLC, )
                                    )
             Defendants. )

## <u>NOTICE OF REMOVAL</u>

To:    Clerk of the Circuit Court of Cook County, Illinois
        Richard J. Daley Center
        50 W. Washington
        Chicago, IL 60602

        Please be advised that the above-entitled matter has been removed to the United States

District Court for the Northern District of Illinois, Eastern Division.

                       _____
                       One of the Attorneys for Defendant,
                       AlliedBarton Security Services, LLC

Peter G. Skiko
Anthony J. Monaco
Swanson, Martin & Bell, LLP
330 N. Wabash Ave, Suite 3300
Chicago, Illinois 60611
Firm No. 29558
(312) 321-9100
(312) 321-0990 – fax


EXHIBIT
E