12/14/92 CCL-0520

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

SUZANNE E. MALEC McKENNA, as Executor of the Estate of
MICHAEL R. MALEC McKENNA, deceased,

v.

ALLIEDBARTON SECURITY SERVICES, LLC
a/k/a ALLIEDBARTON SECURITY SERVICES

## CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions in the Law Division. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the sub-category thereunder, if applicable, which best characterizes your action.

[X] Jury Demand - Fee Paid
[ ] Jury Demand - No Fee Required

[X] **PERSONAL INJURY/WRONGFUL DEATH**

- [ ] 027 Motor Vehicle
- [ ] 040 Medical Malpractice
- [ ] 047 Asbestos
- [ ] 048 Dram Shop
- [ ] 049 Product Liability
- [ ] 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- [ ] 052 Railroad/FELA
- [X] 061 Other Personal Injury/Wrongful Death
- [ ] 063 Intentional Tort
- [ ] 064 Miscellaneous Statutory Action
  (Please Specify)

_____

- [ ] 065 Premises Liability

[ ] 062 **PROPERTY DAMAGE**

[ ] 066 **LEGAL MALPRACTICE**

[ ] **MISCELLANEOUS REMEDIES**

- [ ] 007 Confession of Judgment
- [ ] 008 Replevin
- [ ] 009 Tax
- [ ] 015 Condemnation
- [ ] 017 Detinue
- [ ] 018 Distress for Rent
- [ ] 036 Administrative Review Action
- [ ] 041 Class Action
- [ ] 084 Petition to Issue Subpoena
- [ ] 085 Petition to Register Foreign Judgment
- [ ] 099 All other Extraordinary Remedies
- [ ] 100 Petition for Discovery

[ ] **COMMERCIAL LITIGATION**

- [ ] 002 Breach of Contract
- [ ] 070 Professional Malpractice
  (other than legal or medical)
- [ ] 071 Fraud
- [ ] 072 Consumer Fraud
- [ ] 073 Breach of Warranty
- [ ] 074 Statutory Action
  (Please Specify)

_____

- [ ] 075 Other Commercial Litigation
  (Please Specify)

_____

- [ ] 076 Retaliatory Discharge

[ ] 077 **LIBEL/SLANDER**

POWER ROGERS & SMITH, P.C. #31444

By: _____
(Attorney)    (Pro Se)
70 West Madison, 55th Floor
Chicago, IL 60602
312-236-9381

31444

[ ] **PLEASE CHECK IF THIS IS A SUBROGATION ACTION**

2006 DEC 29 PM 12: 27
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SUZANNE E. MALEC McKENNA, as Executor | ) | |
| and Personal Representative of the Estate of | ) | |
| MICHAEL R. MALEC McKENNA, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| ALLIEDBARTON SECURITY SERVICES, LLC | ) | |
| a/k/a ALLIEDBARTON SECURITY SERVICES; | ) | |
| UST-GEPT, a Joint Venture; | ) | |
| GE ASSET MANAGEMENT, INC; | ) | |
| NACA LTD PARTNERSHIP; | ) | |
| NACA MADISON, LLC; | ) | |
| NACA REALTY CORPORATION; | ) | |
| NACA Limited Partnership, an affiliate of General | ) | **JURY DEMAND** |
| Electric Pension Trust; | ) | |
| UST XV Madison Ltd., an Affiliate of Estein | ) | |
| & Associates; | ) | |
| MB REAL ESTATE SERVICES LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### Count I
(Wrongful Death- ALLIEDBARTON SECURITY SERVICES, LLC.
a/k/a ALLIEDBARTON SECURITY SERVICES)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her

attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, ALLIEDBARTON

SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter

"ALLIEDBARTON"), pleading hypothetically and in the alternative, state as follows:

1.      On or about December 8, 2006, and at all times material, there was a building located

at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4. On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5. On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6. On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7. On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison, Suite 3900, Chicago, Cook County, Illinois.

8. On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter

2

"ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9. On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the 500 West Madison Street building.

10. On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access

11. On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12. On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON.

13. On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14. On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15. On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16. On or about December 8, 2006, and at all times material, Defendant, ALLIEDBARTON, was then and there negligent in one or more of the following respects:

    a.    failed to provide adequate building security; or

    b.    failed to timely alert the police; or

    c.    failed to provide a safe and secure work environment; or

    d.       failed to provide an adequate amount of security guards in the building; or

    e.       failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

    f.       failed to properly train their security personnel; or

    g.       improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

    h.       failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

    i.       failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

    j.       failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

    k.       was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.    At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY

4

SERVICES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall

represent fair and just compensation.

**Count II**
(Survival Count- ALLIEDBARTON SECURITY SERVICES, LLC.
a/k/a ALLIEDBARTON SECURITY SERVICES)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant,

ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY

SERVICES (hereinafter "ALLIEDBARTON"), pleading hypothetically and in the alternative,

state as follows:

1. On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4. On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5. On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

6

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.   On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.   On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.   On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.   On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the 500 West Madison Street building.

10.   On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.   On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.   On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON.

7

13.     On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.     On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15.     On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, ALLIEDBARTON, was then and there negligent in one or more of the following respects:

    a.     failed to provide adequate building security; or

    b.     failed to timely alert the police; or

    c.     failed to provide a safe and secure work environment; or

    d.     failed to provide an adequate amount of security guards in the building; or

    e.     failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

    f.     failed to properly train their security personnel; or

    g.     improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

    h.     failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

    i.     failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

    j.     failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

    k.     was otherwise negligent.

8

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count III**
(Wrongful Death- UST-GEPT, a Joint Venture)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST-GEPT, a Joint Venture, pleading hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an

10

Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7. On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8. On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9. On or about December 8, 2006, and at all times material, UST-GEPT provided security services to the 500 West Madison Street building.

10. On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11. On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12. On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST-GEPT.

13. On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14. On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

11

MALEC McKENNA.

15.     On or about December 8, 2006, UST-GEPT owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, UST-GEPT, was then and there negligent in one or more of the following respects:

a.      failed to provide adequate building security; or

b.      failed to timely alert the police; or

c.      failed to provide a safe and secure work environment; or

d.      failed to provide an adequate amount of security guards in the building; or

e.      failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.      failed to properly train their security personnel; or

g.      improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h.      failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.      failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

j.      failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

k.      was otherwise negligent.

17.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.     At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him:

Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST-GEPT, a Joint Venture., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count IV**
(Survival Count- UST-GEPT, a Joint Venture)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST-

GEPT, a Joint Venture, pleading hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or

operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd.,

14

an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, UST-GEPT provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST-GEPT.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

15

MALEC McKENNA.

15.    On or about December 8, 2006, UST-GEPT owed a duty of care to provide

adequate and proper security to the occupants of the 500 West Madison building.

16.    On or about December 8, 2006, and at all times material, Defendant, UST-GEPT,

was then and there negligent in one or more of the following respects:

a.    failed to provide adequate building security; or

b.    failed to timely alert the police; or

c.    failed to provide a safe and secure work environment; or

d.    failed to provide an adequate amount of security guards in the building; or

e.    failed to have and/or implement standard operating procedures for keeping
a record of who and when a person is denied access to the building; or

f.    failed to properly train their security personnel; or

g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West
Madison building; or

h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of
the 500 West Madison Street building; or

i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna;
or

j.    failed to physically restrain Joseph Jackson prior to his shooting Michael
Malec McKenna; or

k.    was otherwise negligent.

17.    As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL

R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, UST-GEPT, a Joint Venture, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count V
### (Wrongful Death- GE ASSET MANAGEMENT, INC.)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, GE ASSET MANAGEMENT, INC., pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an

18

Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.     On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.     On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.     On or about December 8, 2006, and at all times material, GE provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of GE.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

MALEC McKENNA.

15.     On or about December 8, 2006, GE owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, GE, was then and there negligent in one or more of the following respects:

a.      failed to provide adequate building security; or

b.      failed to timely alert the police; or

c.      failed to provide a safe and secure work environment; or

d.      failed to provide an adequate amount of security guards in the building; or

e.      failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.      failed to properly train their security personnel; or

g.      improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h.      failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.      failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

j.      failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

k.      was otherwise negligent.

17.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.     At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, GE ASSET MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count VI**
(Survival Count- GE ASSET MANAGEMENT, INC.)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, GE ASSET

MANAGEMENT, INC., pleading hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or

operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

22

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.     On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.     On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.     On or about December 8, 2006, and at all times material, GE provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of GE.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

23

14.     On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15.     On or about December 8, 2006, GE owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, GE, was then and there negligent in one or more of the following respects:

       a.     failed to provide adequate building security; or

       b.     failed to timely alert the police; or

       c.     failed to provide a safe and secure work environment; or

       d.     failed to provide an adequate amount of security guards in the building; or

       e.     failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

       f.     failed to properly train their security personnel; or

       g.     improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

       h.     failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

       i.     failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

       j.     failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

       k.     was otherwise negligent.

17.     As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

24

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, GE ASSET MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count VII**
(Wrongful Death- NACA LTD. PARTNERSHIP; NACA MADISON, LLC
NACA REALTY CORPORATION; and
NACA Limited Partnership, an affiliate of General Electric Pension Trust)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, (hereinafter "NACA")pleading hypothetically and in the alternative, state as follows:

1. On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4. On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5. On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an

26

Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.      On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.      On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois.  Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.      On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.      On or about December 8, 2006, and at all times material, NACA provided security services to the 500 West Madison Street building.

10.     On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.     On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.     On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of NACA.

27

13.     On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.     On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15.     On or about December 8, 2006, NACA owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, NACA, was then and there negligent in one or more of the following respects:

    a.     failed to provide adequate building security; or

    b.     failed to timely alert the police; or

    c.     failed to provide a safe and secure work environment; or

    d.     failed to provide an adequate amount of security guards in the building; or

    e.     failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

    f.     failed to properly train their security personnel; or

    g.     improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

    h.     failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

    i.     failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

    j.     failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

    k.     was otherwise negligent.

17.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors

28

of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.    At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count VIII**
(Survival Count- NACA LTD. PARTNERSHIP; NACA MADISON, LLC;
NACA REALTY CORPORATION; and
NACA Limited Partnership, an affiliate of General Electric Pension Trust, )

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendants, NACA

LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and

NACA Limited Partnership, an affiliate of General Electric Pension Trust, pleading

hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

30

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois..

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, NACA provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of NACA.

31

13.     On or about December 8, 2006, Joseph Jackson entered the offices of Woods,

Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.     On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

MALEC McKENNA.

15.     On or about December 8, 2006, NACA owed a duty of care to provide adequate

and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, NACA, was

then and there negligent in one or more of the following respects:

   a.     failed to provide adequate building security; or

   b.     failed to timely alert the police; or

   c.     failed to provide a safe and secure work environment; or

   d.     failed to provide an adequate amount of security guards in the building; or

   e.     failed to have and/or implement standard operating procedures for keeping
           a record of who and when a person is denied access to the building; or

   f.     failed to properly train their security personnel; or

   g.     improperly escorting Joseph Jackson to the 38th floor of the 500 West
           Madison building; or

   h.     failed to prevent Joseph Jackson from obtaining access to the 38th Floor of
           the 500 West Madison Street building; or

   i.     failed to prevent Joseph Jackson from shooting Michael Malec McKenna;
           or

   j.     failed to physically restrain Joseph Jackson prior to his shooting Michael
           Malec McKenna; or

   k.     was otherwise negligent.

32

17.     As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count IX**
(Wrongful Death- UST XV Madison Ltd., an Affiliate of Estein & Associates)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, pleading hypothetically and in the alternative, state as follows:

1.      On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.      On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.      On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.      On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.      On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

34

     6.      On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

     7.      On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

     8.      On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

     9.      On or about December 8, 2006, and at all times material, UST provided security services to the 500 West Madison Street building.

     10.      On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

     11.      On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

     12.      On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST.

     13.      On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14. On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15. On or about December 8, 2006, UST owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16. On or about December 8, 2006, and at all times material, Defendant, UST, was then and there negligent in one or more of the following respects:

      a.      failed to provide adequate building security; or

      b.      failed to timely alert the police; or

      c.      failed to provide a safe and secure work environment; or

      d.      failed to provide an adequate amount of security guards in the building; or

      e.      failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

      f.      failed to properly train their security personnel; or

      g.      improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

      h.      failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

      i.      failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

      j.      failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

      k.      was otherwise negligent.

17. As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.     At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him: Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count X
### (Survival Count- UST XV Madison Ltd., an Affiliate of Estein & Associates)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST XV

Madison Ltd., an Affiliate of Estein & Associates, pleading hypothetically and in the alternative,

state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or

operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

38

6. On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7. On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8. On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9. On or about December 8, 2006, and at all times material, UST provided security services to the 500 West Madison Street building.

10. On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11. On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12. On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of UST.

13. On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14. On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R. MALEC McKENNA.

15. On or about December 8, 2006, UST owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16. On or about December 8, 2006, and at all times material, Defendant, UST, was then and there negligent in one or more of the following respects:

    a.    failed to provide adequate building security; or

    b.    failed to timely alert the police; or

    c.    failed to provide a safe and secure work environment; or

    d.    failed to provide an adequate amount of security guards in the building; or

    e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

    f.    failed to properly train their security personnel; or

    g.    improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

    h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

    i.    failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

    j.    failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

    k.    was otherwise negligent.

17. As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

40

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count XI**
(Wrongful Death- MB REAL ESTATE SERVICES, LLC.)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, MB REAL ESTATE SERVICES, LLC., pleading hypothetically and in the alternative, state as follows:

1.    On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.    On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.    On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinaft er "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

4.    On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.    On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.    On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an

42

Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.      On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.      On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.      On or about December 8, 2006, and at all times material, MB provided security services to the 500 West Madison Street building.

10.     On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.     On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.     On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of MB.

13.     On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.     On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

43

MALEC McKENNA.

15.     On or about December 8, 2006, MB owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, MB, was then and there negligent in one or more of the following respects:

> a.      failed to provide adequate building security; or
>
> b.      failed to timely alert the police; or
>
> c.      failed to provide a safe and secure work environment; or
>
> d.      failed to provide an adequate amount of security guards in the building; or
>
> e.      failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or
>
> f.      failed to properly train their security personnel; or
>
> g.      improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or
>
> h.      failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or
>
> i.      failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or
>
> j.      failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or
>
> k.      was otherwise negligent.

17.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors of MICHAEL R. MALEC McKENNA have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

18.     At the time of his death, MICHAEL R. MALEC McKENNA left surviving Him:

Suzanne E. Malec McKenna, his wife; sons, Jonah Ronald Malec McKenna, a minor, Warren McKenna, and Matthew McKenna; and a daughter, Amber Burnett.

19.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, MB REAL ESTATE SERVICES, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count XII**
(Survival Count- MB REAL ESTATE SERVICES LLC)

NOW COMES Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through

her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, MB REAL

ESTATE SERVICES LLC, pleading hypothetically and in the alternative, state as follows:

1.     On or about December 8, 2006, and at all times material, there was a building

located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET

MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West

Madison Street, in the City of Chicago, County of Cook, State of Illinois.

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint

Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison

Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in

good standing with the Illinois Secretary of State Corporate Division and had its agent listed as

Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD

Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited

Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or

operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd.,

46

an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

7.    On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison Suite 3900, Chicago, Cook County, Illinois.

8.    On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.    On or about December 8, 2006, and at all times material, MB provided security services to the 500 West Madison Street building.

10.    On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

11.    On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

12.    On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of MB.

13.    On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

14.    On or about December 8, 2006, Joseph Jackson shot and killed MICHAEL R.

47

MALEC McKENNA.

15.     On or about December 8, 2006, MB owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

16.     On or about December 8, 2006, and at all times material, Defendant, MB, was then and there negligent in one or more of the following respects:

a.      failed to provide adequate building security; or

b.      failed to timely alert the police; or

c.      failed to provide a safe and secure work environment; or

d.      failed to provide an adequate amount of security guards in the building; or

e.      failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.      failed to properly train their security personnel; or

g.      improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h.      failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.      failed to prevent Joseph Jackson from shooting Michael Malec McKenna; or

j.      failed to physically restrain Joseph Jackson prior to his shooting Michael Malec McKenna; or

k.      was otherwise negligent.

17.     As a proximate result of the foregoing negligent acts and/or omissions, MICHAEL R. MALEC McKENNA was injured and later died.

WHEREFORE, Plaintiff, SUZANNE E. MALEC McKENNA, as Executor and Personal

48

Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, by and through her

attorneys, POWER ROGERS & SMITH. P.C., requests judgement against Defendant, MB REAL

ESTATE SERVICES LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00)

as shall represent fair and just compensation.

By: _____
Attorneys for Plaintiff

Joseph A. Power, Jr.
Larry R. Rogers
POWER, ROGERS & SMITH, P.C.
70 West Madison Street
55th Floor
Chicago, IL 60602-4212
Phone No. 312/236-9381
Atty. No. 31444

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

SUZANNE E. MALEC McKENNA, as Executor  )
and Personal Representative of the Estate of  )
MICHAEL R. MALEC McKENNA, Deceased,  )
        )
        Plaintiff,  )
vs.  )    No.
        )
ALLIEDBARTON SECURITY SERVICES, LLC  )
a/k/a ALLIEDBARTON SECURITY SERVICES;  )
UST-GEPT, a Joint Venture;  )
GE ASSET MANAGEMENT, INC;  )
NACA LTD PARTNERSHIP;  )
NACA MADISON, LLC;  )
NACA REALTY CORPORATION;  )
NACA Limited Partnership, an affiliate of General  )
Electric Pension Trust;  )
UST XV Madison Ltd., an Affiliate of Estein  )
& Associates;  )
MB REAL ESTATE SERVICES LLC;  )
        )
        Defendants.  )

### AFFIDAVIT

NOW comes Affiant, Larry R. Rogers, and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing Louise E. Hoover, as Executor of the Estate of Allen J. Hoover in the above cause.

2. That he is familiar with the facts in the above cause.

3. That he has reviewed the available information relating to the money damages in the above matter.

4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

_____
Larry R. Rogers

Subscribed and sworn to before me
this 29th day of Dec , 2006

_____
Notary Public

POWER, ROGERS & SMITH, P.C.
70 West Madison Street—55th Floor
Chicago, IL 60602
Phone No. 312/236-9381

OFFICIAL SEAL
CAROLYN J BARTOLOTTA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/06/10

1910 - No Fee Paid
1919 - Fee Paid
**JURY DEMAND**                                                   CCG-67   (2-81)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SUZANNE E. MALEC McKENNA, as Executor and
Personal Representative of the Estate of MICHAEL R.
MALEC McKENNA, Deceased,

                                        Plaintiff,

vs.                                                              NO.

ALLIEDBARTON SECURITY SERVICES, LLC
a/k/a ALLIEDBARTON SECURITY SERVICES;
UST-GEPT, a Joint Venture; GE ASSET
MANAGEMENT, INC; NACA LTD
PARTNERSHIP; NACA MADISON, LLC; NACA
REALTY CORPORATION; NACA Limited
Partnership, an affiliate of General Electric Pension
Trust;  UST XV Madison Ltd., an Affiliate of Estein &
Associates; MB REAL ESTATE SERVICES LLC;
                                        Defendants.

### JURY DEMAND

The undersigned demands a jury trial.

LARRY R. ROGERS

Name   **POWER ROGERS & SMITH, P.C.**
       **JOSEPH A. POWER**
       **LARRY R. ROGERS**
**Attorney for    Plaintiff(s)**
**Address         70 West Madison Street—55th Floor**
**City            Chicago, Illinois  60602-4212**
**Telephone       3l2-236-9381**
**Atty. No.       31444**

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS