IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, Deceased, <br><br>　　　　　　Plaintiff, <br><br>vs. <br><br>ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES, UST-GEPT, a Joint Venture, GE ASSET MANAGEMENT, INC., NACA LTD PARTNERSHIP, NACA MADISON, LLC, NACA REALTY CORPORATION, NACA Limited Partnership, an affiliate of General Electric Pension Trust, UST XV Madison Ltd., an Affiliate of Estein & Associates, MB REAL ESTATE SERVICES, LLC, <br><br>　　　　　　Defendants. <br>_____ <br>ALLIEDBARTON SECURITY SERVICES, LLC, <br><br>　　　　　　Third-Party Plaintiff, <br><br>vs. <br><br>Special Administrator of the Estate of JOSEPH JACKSON, deceased, <br><br>　　　　　　Third-Party Defendant. | Case No. 07 CV 0082 <br><br>Judge St. Eve <br>Magistrate Judge Keys |

## THIRD-PARTY COMPLAINT AGAINST
## THE SPECIAL ADMINISTRATOR OF THE ESTATE OF JOSEPH JACKSON

　　Defendant/third-party plaintiff, ALLIEDBARTON SECURITY SERVICES, LLC ("AlliedBarton"), by and through its attorneys, Swanson, Martin & Bell, LLP, herein brings its

Third-Party Complaint against third-party defendant Special Administrator of the Estate of JOSEPH JACKSON, deceased:

1. The plaintiffs, SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, deceased; LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, deceased; and RUTH ZAK LEIB have filed complaints against AlliedBarton and others as a result of an incident that occurred on December 8, 2006 at 500 West Madison Street in Chicago, Illinois. (True and correct copies of Plaintiffs' Complaints at Law are attached as Exhibits A, B and C.)

2. On January 5, 2007, the three actions were removed to The United States District Court for the Northern District of Illinois. Shortly thereafter, the cases were reassigned to this Court and were consolidated into the instant action.

3. Counts I and II of the complaints brought by the executors of the estates of MICHAEL R. MALEC McKENNA and ALLEN J. HOOVER allege causes of action against AlliedBarton under the Wrongful Death Act, 740 ILCS 180/1 et seq., and the Survival Act, 755 ILCS 5/27-6, respectively. (Exhibits A and B at Counts I and II.)

4. Count I of Plaintiff RUTH ZAK LEIB's complaint alleges a cause of action against AlliedBarton for negligence. (Exhibit C at Count I.)

5. AlliedBarton has filed an answer to all three Complaints at Law denying all material allegations and further denying that any acts or omissions attributable to it proximately caused the alleged injuries of MICHAEL R. MALEC McKENNA or his survivors, ALLEN J. HOOVER or his survivors, or RUTH ZAK LEIB. (True and correct copies of AlliedBarton's answers to Plaintiff's Complaints at Law are attached as Exhibits D, E and F.)

6. On or about December 8, 2006, and at all times material, JOSEPH JACKSON entered the premises located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

7. At said time and place, JOSEPH JACKSON shot and killed MICHAEL R. MALEC McKENNA and ALLEN J. HOOVER.

8. At said time and place, JOSEPH JACKSON shot and injured RUTH ZAK LEIB.

9. At said time and place, JOSEPH JACKSON also suffered fatal injuries.

10. At said time and place, it was the duty of JOSEPH JACKSON to exercise reasonable care so as to avoid causing injury to persons on the aforementioned premises, including MICHAEL R. MALEC McKENNA, ALLEN J. HOOVER and RUTH ZAK LEIB.

11. At said time and place, it was the duty of JOSEPH JACKSON to obey all statutes in full force and effect in the State of Illinois and not to intentionally injure anyone upon the premises, including MICHAEL R. MALEC McKENNA, ALLEN J. HOOVER and RUTH ZAK LEIB.

12. On or about December 8, 2006, and at all times material, JOSEPH JACKSON was then and there guilty of one or more of the following acts or omissions:

   a. negligently and carelessly handled and possessed a firearm in violation of Illinois law causing said firearm to discharge and wound several individuals including MICHAEL R. MALEC McKENNA, ALLEN J. HOOVER and RUTH ZAK LEIB.

   b. intentionally shot MICHAEL R. MALEC McKENNA, ALLEN J. HOOVER and RUTH ZAK LEIB in violation of Illinois law;

   c. was otherwise careless and negligent in handling and possessing a firearm; and

   d. intentionally and willfully violated several Illinois criminal statutes including, but not limited to, breaking and entering, trespassing, unauthorized possession of a firearm, armed robbery, battery,

aggravated battery, murder, attempted murder and illegal discharge of a firearm.

13. As a proximate result of the foregoing acts and/or omissions, MICHAEL R. MALEC McKENNA and his survivors have sustained the personal injuries alleged in SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, deceased. (Exhibit A.)

14. As a proximate result of the foregoing acts and/or omissions, ALLEN J. HOOVER and his survivors have sustained the personal injuries alleged in the Complaint at Law brought by LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, deceased. (Exhibit B.)

15. As a proximate result of the foregoing acts and/or omissions, RUTH ZAK LEIB has sustained the personal injuries alleged in her Complaint at Law. (Exhibit C.)

16. At all material times herein, there was in full force and effect in Illinois, a statute entitled "An Act in Relation to Contribution Among Joint Torfeasors," 740 ILCS 100/1.01 etc. ("the Contribution Act"), which applies to contribution actions arising on or after May of 1978.

17. Pursuant to the Contribution Act, if third-party plaintiff AlliedBarton is adjudged to be liable to SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, deceased; LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, deceased; or RUTH ZAK LEIB in any amount whatsoever on account of the occurrence or any injuries arising thereof to the plaintiff, then the Estate of JOSEPH JACKSON must be held liable to third-party plaintiff AlliedBarton for any such injuries and/or damages which were directly or proximately caused by JOSEPH JACKSON'S acts and/or omissions.

4

18. In the event that judgment is rendered in favor of any of the plaintiffs, pursuant to 735 ILCS 5/2-1117, the Estate of JOSEPH JACKSON shall liable for JOSEPH JACKSON'S pro rata share of any damages to the plaintiffs in accordance with his relative culpability.

WHEREFORE, defendant/third-party plaintiff ALLIEDBARTON SECURITY SERVICES, LLC, prays that if judgment is entered in favor of SUZANNE E. MALEC McKENNA, as Executor and Personal Representative of the Estate of MICHAEL R. MALEC McKENNA, deceased; LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, deceased; or RUTH ZAK LEIB and against ALLIEDBARTON SECURITY SERVICES, LLC, then that judgment be entered against the third-party defendant Special Administrator of the Estate of JOSEPH JACKSON and that third-party defendant Special Administrator of the Estate of JOSEPH JACKSON be held responsible for contribution in whole or in part for the liability attributable to JOSEPH JACKSON, plus costs of this suit.

    Respectfully submitted,

    SWANSON, MARTIN & BELL, LLP

    s/ P. Stephen Fardy
    One of the Attorneys for Defendant,
    ALLIEDBARTON SECURITY SERVICES, LLC

Peter G. Skiko #6210089
P. Stephen Fardy # 6230900
Leigh M. Callander, # 6285862
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Ave, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 – fax

5