IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES, UST-GEPT, a Joint Venture, GE ASSET MANAGEMENT, INC., NACA LTD PARTNERSHIP, NACA MADISON, LLC, NACA REALTY CORPORATION, NACA Limited Partnership, an affiliate of General Electric Pension Trust, UST XV Madison Ltd., an Affiliate of Estein & Associates, MB REAL ESTATE SERVICES, LLC,<br><br>Defendants. | ) | Case No. 07 CV 0083<br><br>Judge Pallmeyer<br><br>Magistrate Judge Denlow |

**ALLIEDBARTON SECURITY SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant ALLIEDBARTON SECURITY SERVICES, LLC ("AlliedBarton"), by its attorneys Swanson, Martin & Bell, LLP, for its answer to Plaintiff's Complaint at Law, states as follows:

**Count I**
(Wrongful Death- ALLIEDBARTON SECURITY SERVICES, LLC.
a/k/a ALLIEDBARTON SECURITY SERVICES)

1. On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER: AlliedBarton admits the allegations set forth in paragraph 1.**

2. On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West



Madison Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 2 and demands strict proof thereof.**

3. On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 3 and demands strict proof thereof.**

4. On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 4 and demands strict proof thereof.**

5. On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 5 and demands strict proof thereof.**

6. On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 6 and demands strict proof thereof.**

7. On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison, Suite 3900, Chicago, Cook County, Illinois.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 7 and demands strict proof thereof.**

8. On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois (sic) with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

**ANSWER:** **AlliedBarton denies the allegations in paragraph 8. AlliedBarton Security Services, LLC is a Delaware corporation having its principal place of business located in Pennsylvania. AlliedBarton admits having a registered agent in Chicago, Illinois.**

9. On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the 500 West Madison Street building.

**ANSWER:** **AlliedBarton admits that it entered into a contract to provide certain services at the 500 West Madison Street building. AlliedBarton denies the remaining allegations set forth in paragraph 9.**

10. On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 10 and demands strict proof thereof.**

11. On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

**ANSWER:** **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 11 and demands strict proof thereof.**

12. On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON.

**ANSWER:** **AlliedBarton denies the allegations set forth in paragraph 12.**

13. On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

**ANSWER:** **AlliedBarton admits the allegations set forth in paragraph 13.**

14. On or about December 8, 2006, Joseph Jackson shot and killed ALLEN J. HOOVER.

**ANSWER:** **AlliedBarton admits the allegations set forth in paragraph 14.**

15. On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

**ANSWER:** **AlliedBarton denies owing the duty referenced in paragraph 15, and denies all other allegations set forth in paragraph 15.**

16. On or about December 8, 2006, and at all times material, Defendant, ALIIEDBARTON, was then and there negligent in one or more of the following respects:

a. failed to provide adequate building security; or

b. failed to timely alert the police; or

c. failed to provide a safe and secure work environment; or

d. failed to provide an adequate amount of security guards in the building; or

e. failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f. failed to properly train their security personnel; or

g. improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h. failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i. failed to prevent Joseph Jackson from shooting Allen J. Hoover; or

j. failed to physically restrain Joseph Jackson prior to his shooting Allen J. Hoover; or

k. was otherwise negligent.

**ANSWER: AlliedBarton denies the allegations set forth in paragraph 16, including sub-parts (a) through (k).**

17. As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

**ANSWER: AlliedBarton denies the allegations set forth in paragraph 17.**

18. At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

**ANSWER: AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations in paragraph 18 and demands strict proof thereof.**

19. Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

**ANSWER: AlliedBarton admits the existence of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq., but denies the remaining allegations set forth in paragraph 19.**

WHEREFORE, Defendant, Allied Barton Security Services, LLC denies that the plaintiff is entitled to a judgment in any amount whatsoever and prays for a dismissal of the plaintiff's complaint with prejudice and for any all other relief this Honorable Court deems just and appropriate.

**Count II**

(Survival Count- ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES)

1. On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER: AlliedBarton admits the allegations set forth in paragraph 1.**

2. On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER: AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 2 and demands strict proof thereof.**

3. On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER: AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 3 and demands strict proof thereof.**

4. On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER: AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 4 and demands strict proof thereof.**

5. On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or

operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

ANSWER: **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 5 and demands strict proof thereof.**

6. On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building located at 500 West Madison Street, City of Chicago, State of Illinois.

ANSWER: **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 6 and demands strict proof thereof.**

7. On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois. Their headquarters is located at 181 West Madison, Suite 3900, Chicago, Cook County, Illinois.

ANSWER: **AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 7 and demands strict proof thereof.**

8. On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois (sic) with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

ANSWER: **AlliedBarton denies the allegations in paragraph 8. AlliedBarton Security Services, LLC is a Delaware corporation having its principal place of business located in Pennsylvania. AlliedBarton admits having a registered agent in Chicago, Illinois.**

9. On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the 500 West Madison Street building.

ANSWER: **AlliedBarton admits that it entered into a contract to provide certain services at the 500 West Madison Street building. AlliedBarton denies**

**the remaining allegations set forth in paragraph 9.**

10. On or about December 8, 2006, Joseph Jackson entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access.

**ANSWER: AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 10 and demands strict proof thereof.**

11. On or about December 8, 2006, Joseph Jackson went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

**ANSWER: AlliedBarton lacks sufficient knowledge with which to admit or deny the allegations set forth in paragraph 11 and demands strict proof thereof.**

12. On or about December 8, 2006, Joseph Jackson was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON.

**ANSWER: AlliedBarton denies the allegations set forth in paragraph 12.**

13. On or about December 8, 2006, Joseph Jackson entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

**ANSWER: AlliedBarton admits the allegations set forth in paragraph 13.**

14. On or about December 8, 2006, Joseph Jackson shot and killed ALLEN J. HOOVER.

**ANSWER: AlliedBarton admits the allegations set forth in paragraph 14.**

15. On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

**ANSWER: AlliedBarton denies owing the duty referenced in paragraph 15, and denies all other allegations set forth in paragraph 15.**

16. On or about December 8, 2006, and at all times material, Defendant,

ALLIEDBARTON, was then and there negligent in one or more of the following respects:

a. failed to provide adequate building security; or

b. failed to timely alert the police; or

c. failed to provide a safe and secure work environment; or

d. failed to provide an adequate amount of security guards in the building; or

e. failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f. failed to properly train their security personnel; or

g. improperly escorting Joseph Jackson to the 38th floor of the 500 West Madison building; or

h. failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i. failed to prevent Joseph Jackson from shooting Allen J. Hoover; or

j. failed to physically restrain Joseph Jackson prior to his shooting Allen J. Hoover; or

k. was otherwise negligent.

**ANSWER:** **AlliedBarton denies the allegations set forth in paragraph 16, including sub-parts (a) through (k).**

17. As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

**ANSWER:** **AlliedBarton denies the allegations set forth in paragraph 17.**

WHEREFORE, Defendant, Allied Barton Security Services, LLC denies that the plaintiff is entitled to a judgment in any amount whatsoever and prays for a dismissal of the plaintiff's complaint with prejudice and for any and all other relief this Honorable Court deems just and appropriate.

**Counts III - XII**

**None of the allegations of Counts III through XII are directed towards this defendant. Therefore, this defendant makes no response to those allegations of Count III through XII. To the extent any allegation contained in Counts III through XII may be deemed to relate to AlliedBarton, that allegation is denied.**

## AFFIRMATIVE DEFENSES

Defendant, ALLIEDBARTON SECURITY SERVICES, LLC ("AlliedBarton"), by and through its attorneys, Swanson, Martin & Bell, LLP, advances the following Affirmative Defenses to Plaintiff's Complaint at Law:

### I. Several Liability: 735 ILCS 5/2-1117

1. AlliedBarton is not responsible for the damages claimed by Plaintiff. However, to the extent liability is attributed to AlliedBarton, AlliedBarton's liability is less than 25% of the total fault attributable to the assailant, Joseph Jackson, defendants UST-GEPT, GE ASSET MANAGEMENT, INC., NACA LTD PARTNERSHIP, NACA MADISON, LLC, NACA REALTY CORPORATION, NACA Limited Partnership, UST XV Madison Ltd., MB REAL ESTATE SERVICES, LLC, and/or any persons or entities that the Plaintiff could have sued. As AlliedBarton is less than 25% at fault for this incident, AlliedBarton is, at most, only severally liable for its relative degree of fault pursuant to 735 ILCS 5/2-1117.

WHEREFORE, Defendant AlliedBarton Security Services, LLC respectfully requests that the Court deny Plaintiff any requested relief, dismiss Plaintiff's Complaint and award Defendant its costs and attorney's fees and all other relief the Court deems just and equitable.

### II. Acts of Others Were Sole Proximate Cause

1. Any alleged injuries or damages that ALLEN J. HOOVER may have sustained were caused or contributed to, in whole or in part, by the actions, omissions, negligence or fault of the assailant, Joseph Jackson, defendants UST-GEPT, GE ASSET MANAGEMENT, INC., NACA LTD PARTNERSHIP, NACA MADISON, LLC, NACA REALTY CORPORATION, NACA Limited Partnership, UST XV Madison Ltd., MB REAL ESTATE SERVICES, LLC or other third parties over whom AlliedBarton had no control and for whose conduct AlliedBarton is not responsible.

2. Such negligence of other parties was the sole and proximate cause of ALLEN J. HOOVER's and the Plaintiff's alleged injuries and damages.

WHEREFORE, Defendant AlliedBarton Security Services, LLC respectfully requests that the Court deny Plaintiff any requested relief, dismiss Plaintiff's Complaint and award Defendant its costs and attorney's fees and all other relief the Court deems just and equitable.

**III. Intervening Cause**

1. Any alleged injuries or damages that ALLEN J. HOOVER may have sustained were caused or contributed to, in whole or in part, by the actions of an intervening or superseding cause; namely, the assailant Joseph Jackson or other third parties, over whom AlliedBarton had no control and whose actions were unforeseeable to AlliedBarton.

2. Said unforeseeable intervening or superseding cause was the sole proximate cause of ALLEN J. HOOVER's and the Plaintiff's alleged injuries and damages.

WHEREFORE, Defendant AlliedBarton Security Services, LLC respectfully requests that the Court deny Plaintiff any requested relief, dismiss Plaintiff's Complaint and award Defendant its costs and attorney's fees and all other relief the Court deems just and equitable.

**DEFENDANT ALLIEDBARTON HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

By: /s/ Peter G. Skiko
One of the Attorneys for Defendant,
ALLIEDBARTON SECURITY SERVICES, LLC

Peter G. Skiko #6210089
P. Stephen Fardy # 6230900
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Ave, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 – fax