**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUZANNE E. MALEC MCKENNA, as | ) | |
| Executor and Personal Representative | ) | |
| of the Estate of MICHAEL R. MALEC | ) | |
| MCKENNA**,** deceased | ) | |
| | ) | |
| Plaintiffs, | ) | 07 CV 82 |
| | ) | Judge St. Eve |
| -vs- | ) | Magistrate Judge Keys |
| | ) | |
| ALLIEDBARTON SECURITY | ) | |
| SERVICES, LLC, et al | ) | |
| | ) | |
| Defendants. | ) | |

## CORRECTED MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

NOW COME Defendants, UST-GEPT; GE ASSET MANAGEMENT, INC.;

NACA LTD. PARTNERSHIP; NACA MADISON, LLC.; NACA REALTY

CORPORATION; NACA LIMITED PARTNERSHIP; UST XV MADISON, LTD., and

MB REAL ESTATE SERVICES, LLC., by and through one of their attorneys, Robert M.

Burke of JOHNSON AND BELL, LTD., and for their Memorandum in Support of their

Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

## I.    BACKGROUND

Plaintiff filed the instant action in the Circuit Court of Cook County on December

29, 2006.  (Plaintiff's complaint is attached hereto as Exhibit A and incorporated herein).

Subsequently, this case was properly removed to this District Court.  Plaintiff alleges that

plaintiff's decedent was shot and killed by an individual later identified as Joseph

Jackson at the office building located at 500 W. Madison in Chicago, Illinois.  In Counts

II through XII of her complaint, plaintiff claims that each of the Movants possessed an

ownership interest in the property at 500 W. Madison, and therefore, owed a duty to protect the decedent from the criminal acts of Joseph Jackson.

Defendants now move to dismiss plaintiff's action against them, pursuant to FRCP 12(b)(6), on the basis that plaintiff's complaint fails to state a cause of action under applicable Illinois substantive law. More particularly, as a general rule, Illinois law does not impose a duty on a landlord to protect a tenant against the criminal acts of third parties unless one of the limited exceptions to that rule apply. As the Complaint fails to allege facts to bring the action within any of the exceptions to said rule, Counts III through XII of plaintiff's complaint should be dismissed.

## II.   APPLICATION OF ILLINOIS SUBSTANTIVE LAW AND 12(B)(6) STANDARD OF REVIEW

The subject matter jurisdiction of the District Court is premised on diversity jurisdiction under 28 U.S.C. §1332. It is well settled that, "In a case where subject matter jurisdiction in federal court is premised on diversity jurisdiction under 28 U.S.C. §1332, we (the Seventh Circuit Court of Appeals) apply the substantive law of the forum state." *Davis v.G.N. Mortgage Corp.,* 396 F.3d 869, 876 (7th Cir. 2005) (*clarification added*); *Merrill v. Trump Indiana, Inc*., 320 F.3d 729 (7th Cir. 2003). A complaint may be dismissed under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). A complaint should be dismissed for failure to state a claim if no relief can be granted under any set of facts that could be proven consistent with its allegations. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). However, in order to withstand a 12(b)(6) motion to dismiss, a complaint must at least include "the operative facts upon which a plaintiff bases his claim." *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992).

### III.    ARGUMENT

**A. <u>Under Illinois Law, The Movants, As Alleged Owners of the Premises, Owed No Duty To Protect Plaintiff's Decedent From The Criminal Acts Of A Third Party.</u>**

In Illinois, whether a duty exists is a question of law to be decided by the Court. *Ward v. K Mart Corp.*, 136 Ill.2d 132, 140, 554 N.E.2d 223, 226(1990); *Homer v. Pabst Brewing Co.*, 806 F.2d 119, 121 (7th Cir. 1986). In determining whether a duty exists, a court must examine the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on defendant. *Ward,* 136 Ill.2d at 140, 554 N.E.2d at 226. The Illinois Supreme Court, in *Pippin v. The Chicago Housing Authority*, confirmed that under the common law in Illinois, with few exceptions, "a landlord does not owe a tenant or social guest (licensee) a duty to protect the latter from criminal acts." 78 Ill.2d 204, 208; 399 N.E.2d 596 (1979). See also *Figeroa v. Evangelical Covenant Church*, 879 F.2d 1427, 1430 (7th Cir. 1989); *Morgan v. 253 East Delaware Condominium Association*, 231 Ill.App.3d 208, 211, 595 N.E.2d 36 (1st Dist. 1992).

Only when criminal attacks are reasonably foreseeable, and the burden of preventing such attacks can reasonably be placed on the defendant, does a duty arise to protect even a business invitee from the criminal acts of a third party.[1] *Burks v. Madyun*, 105 Ill.App.3d 917, 921, 435 N.E.2d 185, 189 (1st Dist. 1982). More than a mere possibility of a criminal attack is required. Absent knowledge of previous incidents or special circumstances which would charge the owner with knowledge of the danger and the duty to anticipate it, the common law duty of reasonable care owed to persons

---

[1] There are certain special relationships in Illinois where a heightened duty to protect against criminal acts of third parties exist. The landlord-tenant relationship is not one of those special relationships. *Pippin* at 210, 598; *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 215, 531 N.E.2d 1358, 1364 (1988).

lawfully on the premises cannot be extended to a duty to guard against the criminal acts of third persons. *Burks*, 105 Ill.App.3d at 921, 435 N.E.2d at 189.

An examination of Illinois decisions reveals that the "special circumstances", referenced in *Burks,* have been narrowly applied to situations where the landlord has failed to exercise ordinary care in maintaining its building or its environs so as to facilitate unwarranted entry to the building. It is this failure to exercise due care in maintaining the premises, which makes entry into the building by a criminal reasonably foreseeable and warrants the imposition of a duty. See Section B, *infra.*

The second exception to the rule, that a landlord owes no duty to protect its tenants against the criminal acts of a third party, arises when the landlord voluntarily assumes a duty to protect its tenants and negligently performs that undertaking; however, in the second scenario, the duty is limited to the extent of the undertaking. *Pippin,* 78 Ill.2d at 210, 399 N.E.2d at 599; *Homer*, 806 F.2d at 121. Plaintiff has not alleged that Movants undertook any duty beyond hiring a security service, and fails to allege that the hiring was undertaken negligently.

There are no allegations in the complaint at bar to support a finding that either of the limited exceptions to the general rule apply here. Thus, the rule that a landlord has no duty to protect its tenants from the criminal acts of third parties applies to this action, and Counts III through XII of Plaintiff's complaint should be dismissed.

**B. <u>As There Is No Allegation That The Criminal Perpetrator Here Gained Access To The Premises Due To The Movants' Failure To Maintain The Premises, The Movants Owed No Duty To Prevent The Criminal Act Alleged.</u>**

As set forth above, when determining whether a duty exists in a particular action, the Court must take into account the likelihood of injury, the magnitude of the burden of

guarding against it, and the consequences of placing that burden on defendant. *Ward,* 136 Ill.2d at 140, 554 N.E.2d 226.  A crucial consideration in this analysis is whether similar, criminal acts have previously occurred.  More than a mere possibility of a criminal attack is required. *Burks,* 105 Ill.App.3d at 921, 435 N.E.2d at 189.  Absent knowledge of **previous incidents** or **special circumstances** which would charge the owner with knowledge of the danger and the duty to anticipate it, the common law duty of reasonable care owed to persons lawfully on the premises cannot be extended to a duty to guard against the criminal acts of third persons.  *Burks,* 105 Ill.App.3d at 921, 435 N.E.2d at 189. (emphasis added). Thus, in *Burks*, no duty was imposed on the defendant when a criminal attack took place on defendant's premises because plaintiff failed to allege that criminals were known to be present on the premises or that prior, similar criminal assaults had occurred.  *Burks,* 105 Ill.App.3d at 921, 435 N.E.2d at 189.  The fact that threats of criminal acts had been made in the past was insufficient to impose a duty as a matter of law.  *Burks,* 105 Ill.App.3d at 921, 435 N.E.2d at 189.

An examination of the pertinent decisions, indicates that the "special circumstances" exception referenced in *Burks* has been narrowly applied in situations where the landlord has failed to properly maintain the building and its environs so as to promote and allow unwarranted entry to the building, thus making entry into the building by a criminal reasonably foreseeable. Thus, in *Duncavage v. Allen*, 147 Ill.App.3d 88, 497 N.E.2d 433 (1st Dist. 1986), the Court found that evidence of prior criminal acts, coupled with the landlord's failure to maintain the exterior lights or to allow those lights to burn out, his failure to prevent high weeds from growing, thus giving a potential criminal a hiding place, and his negligence in allowing access to a ladder, which had been

used in a similar crime at the same unlockable window, gave rise to a duty to protect the tenant against the perpetrator's criminal acts. Similarly, in *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 531 N.E.2d 1358 (1988), the Court imposed a duty where there had been 17 acts of criminal activity at the complex in the two preceding years, **and** where plaintiff alleged that the landlord failed to maintain the locks on its doors and failed to account for its master keys, which allowed the perpetrator access to the premises. The Court found that a reasonable person should have foreseen a connection between the missing master key and the extensive, recent criminal activity at the premises. In *Shea v. Preservation Chicago, Inc*., 206 Ill.App.3d 657, 565 N.E.2d 20 (1st Dist 1990), the Court imposed a duty due to the landlord's failure to repair and maintain an interior security door and lock through which the perpetrator gained access to the premises. There the Court held that similar, prior criminal activity was not *per se* required *in all instances*, but it also recognized that a third party criminal act must have been *reasonably* foreseeable. *Shea*, 206 Ill.App.3d at 25, 565 N.E.2d at 663. As set forth above, whether a criminal act is *reasonably* foreseeable depends upon knowledge of **previous incidents** or **special circumstances,** (where the premises have not been reasonably maintained), which would charge the owner with knowledge of the danger and the duty to anticipate the criminal acts of third persons. *Burks,* 105 Ill.App.3d at 921, 435 N.E.2d at 189. (*emphasis added*).

Courts have repeatedly rejected the imposition of a duty to protect against a criminal act by a third party where there was no reason to anticipate the particular crime or where the perpetrator did not gain access to the premises because of a defect in the building. In *Kolodziejzak v. Melvin Simon & Associates*, 292 Ill.App.3d 490, 685 N.E.2d

985 (1st Dist. 1997), the Court recognized that even if the occurrence of a violent crime by a gang member was foreseeable and even though other crimes had been perpetrated on the premises, more was required before a duty could be imposed. The Court, in balancing the costs and burdens of imposing a duty on the landlord to protect others from criminal acts of third parties at a shopping mall, found that the Mall's management company owed no duty beyond exercising reasonable care in the hiring of the security company. The Court distinguished *Shea v. Preservation Chicago, Inc*., stating that the facts of that case, unlike those in *Kolodziejzak*, indicated that the cost of preventing the crime there involved (repairing a door) would have been minimal and that the risks of failing to repair the door and lock justified the imposition of a duty. Likewise, in *Sameer v. Butt,* 343 Ill.App.3d 78, 796 N.E.2d 1063 (1st Dist. 2003), the Court held that while anyone can foresee a crime virtually anywhere at any time, there must be some prior incident of criminal violence or some other reason to reasonably anticipate the criminal conduct before a duty will be imposed. *Sameer,* 343 Ill.App.3d at 86 - 87, 796 N.E.2d at 1069. There, the Aragon Ballroom was charged with negligence for failure to prevent, by searching guests, hiring more security officers, or otherwise, a concertgoer from entering the premises with a knife and from failing to prevent two stabbings at the premises. The Court found that it would be too burdensome to impose a duty on the Aragon Ballroom to protect against that type of criminal attack. In the instant case, the involved building is connected to a major train station, and the volume of traffic in the building is many times that of the Aragon Ballroom. It would be unreasonably burdensome to impose a duty on any landowner, under these circumstances, to prevent any and all criminal acts on the

premises, especially acts of violence by a perpetrator armed with a dangerous weapon as involved in *Sameer* and as alleged here.

In the instant action, there are no allegations, which would lead to a conclusion that it was reasonably foreseeable that a criminal act of violence upon the premises was likely to occur. Since there are no allegations of prior criminal conduct at the involved premises and since there are no allegations of special circumstances, *i.e.*, that the perpetrator was able to commit his crime because of a defect in the building, its doors or locks, which could have been easily repaired as in the cases heretofore discussed, there is no basis to impose a duty on the alleged owner defendants under Illinois law. To the contrary, all of the allegations are aimed at the purported inadequacy of the security force and the alleged failure of the unarmed security officer to physically prevent the perpetrator, who was pointing a loaded gun at him, from forcing his way into the building. These allegations fail to support the imposition of a duty under Illinois law.

**C. The Allegations In Plaintiff's Complaint Fail To Support A Finding That The Movants Voluntarily Assumed A Duty To Prevent The Criminal Attacks Here Involved.**

The Complaint at issue also fails to allege any facts to bring the instant action within the second exception to the rule that a landlord has no duty to protect those on its property from criminal acts of third parties. Here, Plaintiff alleges that Movants hired a security firm to provide security services at the premises. It would be unreasonable to impose a duty on all Landowners, who hire a security service, to ensure against and prevent all acts of criminal violence upon their premises. Illinois law does not impose such a duty. To the contrary, Illinois Courts have repeatedly held that if a duty is to be imposed on a defendant based upon a voluntary undertaking theory, the scope of that

duty is limited to the extent of the undertaking. *Pippin,* 78 Ill.2d at 210, 399 N.E.2d at 599; *Homer,* 806 F.2d at 121; *Morgan* 231 Ill. App.3d at 212, 595 N.E.2d at 39.

It is clear from the allegations in plaintiff's Complaint that plaintiff misapprehends the nature of the duty owed by the Movants to the plaintiff's decedent. Plaintiff asserts in the complaint that defendant Allied Barton Security Services ("Allied Barton") provided security services at the involved building. (Exhibit A, Count I, par. 9, Count II, par. 9). Plaintiff further asserts that the Movants failed "to provide adequate and proper security" (Exhibit "A", Counts III – XII, pars. 15 – 16). In paragraph 16, in each count of the plaintiff's complaint against the Movants, plaintiff alleges that they: failed to provide adequate building security; or failed to timely alert the police; or failed to provide a safe and secure work environment; or failed to provide an adequate amount of security in the building; or failed to have or implement adequate procedures for recording when a person is denied access to the building; or failed to properly train security personnel; or improperly escorted Joseph Jackson to the 38th floor of the building; or failed to prevent Jackson from obtaining access to the 38th floor; or failed to prevent Jackson from shooting the plaintiff's decedent; or failed to physically restrain Jackson prior to the shooting of the plaintiff's decedent, or was otherwise negligent.

There is no legal basis to support Plaintiff's claim that any landowner who retains a security service thereby assumes a duty to protect against all acts of criminal violence. To the contrary, Illinois law imposes no such duty upon a landlord. The imposition of such a broad duty would discourage the provision of any security at all. Illinois Courts do not make landowners the insurers of the safety of those on their premises. *Sameeer*, 343 Ill.App.3d at 88, 796 N.E.2d at 1071. In Illinois, when security

services are provided, the duty associated with the provision of those security services is clearly limited to the extent of the undertaking. *Pippin, 78 Ill. 2d* at 210, 399 N.E.2d at 599; *Homer,* 806 F.2d at 121; *Morgan,* 231 Ill.App.3d at 212, 595 N.E.2d at 39. There are no allegations that the security services provided on the date of the occurrence were inconsistent with the undertaking; therefore, Plaintiff's complaint against Movants should be dismissed.

In *Pippin*, the plaintiff filed a wrongful death action against the defendant following the death of the plaintiff's decedent in a building owned and managed by the defendant. The decedent was involved in an altercation, which led to his death, and which took place in the presence of security guards who were employees of a company that contracted with the defendant to provide security for defendant's property. *Id.* At issue in the case was the extent of the defendant's duty, in light of its decision to hire a security service, to protect plaintiff's decedent from criminal conduct that occurred on defendant's property. *Pippin,* 78 Ill. 2d at 206, 399 N.E.2d at 597.

The Supreme Court held that "It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff." *Pippin,* 78 Ill. 2d at 208, 399 N.E.2d at 598. While generally, as stated above, a landlord has no duty to protect one on its property from criminal acts, a landlord's duty can be extended in this regard if it negligently performs a voluntary undertaking. *Pippin,* 78 Ill. 2d at 209, 399 N.E.2d at 599. As the defendant in *Pippin* entered into a contract with a company to provide security for its property, the plaintiff alleged that defendant's voluntary undertaking of this task amounted to liability for failing to protect plaintiff's decedent from criminal acts committed by others on defendant's property. The Supreme

10

Court disagreed with plaintiff's arguments, stating that the defendant's duty to plaintiff's decedent was limited by the extent of the defendant's voluntary undertaking[2]. *Pippin,* 78 Ill. 2d at 210, 399 N.E.2d at 599. The Court found that the defendant's duty, which was limited by the extent of its undertaking, was to use reasonable care to hire a qualified security company to provide security services on its property. *Id.* According to the court, "The Authority (defendant) can therefore be liable at most for the negligent hiring of Interstate (the security company)." *Id.* (*clarification added*).

Consistent with the *Pippin* decision, the duty owed to the plaintiff's decedent by the defendants here is limited by the extent of its undertaking. Here, as in *Pippin*, the Movants owed the plaintiff's decedent a duty to use reasonable care to engage Allied Barton to provide security services at the property. In the present case, plaintiff has not made any allegations that Movants were negligent in hiring Allied Barton.

In *Cross v. Wells Fargo Alarm Services,* the holding of the Supreme Court in the *Pippin* case was distinguished, and the Court there held that where a voluntarily assumed duty is undertaken negligently, thus increasing the risk of criminal activity, an action may lie. 82 Ill.2d 313; 412 N.E.2d 472 (1980). However, an examination of the facts and holding in *Cross* indicate that the decision has no applicability to the facts involved in *Pippin* or those alleged in the present case. In *Cross,* the plaintiff was the victim of a battery in the lobby of a building owned and managed by the Chicago Housing Authority ("CHA"). *Id.* As in *Pippin*, the CHA entered into a contract with a company to provide security services to its property. However, unlike *Pippin*, the contract in *Cross* was for **part time** security services. *Id.* The CHA claimed that it could be held liable for nothing

---

[2] This premise has been acknowledged by the Seventh Circuit Court of Appeals. *Homer v. Pabst Brewing Co.,* 806 F.2d 119, 121 (7th Cir. 1986).

except the negligent hiring of the security company. *Cross,* 82 Ill. 2d at 316, 412 N.E. 2d at 474. The Supreme Court disagreed, and held that the factual circumstances in *Cross* differed from those in *Pippin,* in that the CHA voluntarily undertook to provide only **part time** security at its property. *Id.* (emphasis added). While recognizing that the CHA's duty was limited to the extent of its undertaking, the Court held that "In providing that service (part time security), it (the Authority) was obligated to use reasonable care not to create **increased dangers** to persons lawfully on its property." *Id.* (clarification and emphasis added). The plaintiff's complaint alleged that the use of part time security significantly increased the amount of crimes that took place when the security was off duty, and these allegations were sufficient to allow the complaint to survive a motion to dismiss. *Id.*

It is clear that the Supreme Court's reasoning outlined above is inapplicable to the present case. The fundamental principle is the same in both *Pippin* and *Cross,* namely that the duty of a landlord is limited by the extent of the landlord's voluntary undertaking. Unlike *Cross,* the Movants in the case at bar did not contract to provide part time security nor are there allegations that the Movants, by providing security, created an increased risk of injury. Therefore, the reasoning of the Supreme Court in *Pippin*, a case with facts that are analogous to the case at bar, should be applied to the case at bar, and the plaintiff's complaint in the present case should be dismissed.

In a more recent decision, the Appellate Court, in *Kolodziejzak v. Melvin Simon & Associates*, 292 Ill.App.3d 490, 496, 685 N.E.2d 985, 989 (1st Dist. 1997), reaffirmed the viability of the Pippin analysis and its applicability to facts similar to those involved in the instant action. There, the defendant property manager was charged with failing to

prevent a criminal attack at the premises it managed. As the *Kolodziejzak* Court stated, "even if we were to broaden the landlord's duty beyond that of reasonable care in hiring the security company, it would be difficult to find a duty that Simon Management undertook that it failed to fulfill." *Kolodziejzak,* 292 Ill.App.3d at 496, 685 N.E.2d at 989. Hiring a security company and taking steps to assess whether the security guards were performing their jobs did not give rise to a duty beyond that of reasonable care in hiring the security company. *Kolodziejzak ,* 292 Ill.App.3d at 494, 685 N.E.2d at 989.

Here, the complaint is completely devoid of any allegations that the Movants undertook any duty other than to hire Allied Barton to provide security services. Plaintiff alleges that Allied Barton's security officers failed to prevent a criminal with a loaded gun from gaining access to the building. Absent any allegations that the Movants voluntarily undertook some duty to prevent this unfortunate circumstance, which would amount to a duty to ensure against and prevent any and all violent crime on the premises, plaintiff's complaint fails to state a cause of action against Movants and must be dismissed pursuant to FRCP 12(b)(6).

**D. Plaintiff's Allegation Of Negligence Based On The Ownership Defendants' Failure To Notify The Police Prior To The Commission Of A Crime Are Contrary To Illinois Law.**

Lastly, the plaintiff's complaint alleges that each of the ownership defendants failed to timely alert the police of Joseph Jackson's presence in the building prior to the incident that led to the death of plaintiff's decedent. (Exhibit A, Counts II-VI, par. 16, subparagraph b). The Illinois Supreme Court case of *Rowe v. State Bank of Lombard*, is instructive on the issue of a landlord's duty to notify the police prior to the commission of a crime on the landlord's property. 125 Ill.2d 203, 531 N.E.2d 1358 (1988). In *Rowe*,

two tenants in an office park owned and managed by one of the defendants were violently assaulted by a third party who had improperly gained access to the property. *Id.* Plaintiff alleged that the property owner had voluntarily assumed a duty to protect the plaintiffs from criminal acts due to the fact that an agent of the owner had responded to a call to investigate a suspicious person, made by a woman working at the office park, on the day that the plaintiffs were attacked. *Rowe,* 125 Ill.2d at 219, 531 N.E.2d at 1365-1366. Upon receiving this call, the agent for the owner went to the office park to investigate, found that the suspicious person complained of was no longer present, and checked the doors of the property to make sure that they were secure. *Id.* With regard to whether the agent/owner owed the plaintiffs a duty to protect them from criminal acts on the property based on these actions, the Supreme Court stated that the agent "cannot be held to such a duty simply because he investigated whether an allegedly unauthorized individual was on the premises of the office park." *Id.*

Here, the plaintiff's allegations that each of the defendants breached a duty by failing to timely alert the police of Joseph Jackson's presence in the building prior to the incident that led to the death of plaintiff's decedent, fail to state a cause of action as there are no allegations in plaintiff's complaint which indicate that Jackson appeared to be committing a crime when he arrived at the building at 500 W. Madison, nor at any time until he forced the security officer to take him, at gunpoint, to the elevators. Thus, as explained by the Supreme Court in *Rowe*, there was no duty to notify the police of Jackson's presence in the building prior to the time that Jackson committed the criminal acts described in the complaint; therefore, par. 16(b) of each count of plaintiff's Complaint against Movants must be stricken for failure to state a claim.

14

## IV.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants, UST-GEPT; GE

ASSET MANAGEMENT, INC.; NACA LTD. PARTNERSHIP; NACA MADISON,

LLC.; NACA REALTY CORPORATION; NACA LIMITED PARTNERSHIP; UST XV

MADISON, LTD., and MB REAL ESTATE SERVICES, LLC., pray that this Honorable

Court dismiss Counts III through XII of Plaintiff's Complaint against them with prejudice

and find that there exists no just reason to delay enforcement or appeal of this Order in

accordance with FRCP 54(b).

Respectfully submitted,

JOHNSON & BELL, LTD.


/s/Robert M. Burke,

> One of the Attorneys for Defendants,
> UST-GEPT JOINT VENTURE, L.P.,
> GE ASSET MANAGEMENT, INC.,
> NACA, LTD. PARTNERSHIP, NACA
> MADISON, LLC, NACA REALTY
> CORPORATION, UST XV MADISON,
> LTD., and MB REAL ESTATE
> SERVICES, L.L.C., and do hereby
> MB Real Estate Services, L.L.C.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347