IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOUISE E. HOOVER, as Executor of the<br>Estate of ALLEN J. HOOVER, deceased, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   07 CV 82 |
| vs. | ) | consolidated w/ 07 CV 83 |
| | ) | 07 CV 84 |
| ALLIEDBARTON SECURITY SERVICES, LLC | ) | |
| a/k/a ALLIEDBARTON SECURITY SERVICES; | ) | |
| UST-GEPT, a Joint Venture; | ) | |
| GE ASSET MANAGEMENT, INC; | ) | |
| NACA LTD PARTNERSHIP; | ) | |
| NACA MADISON, LLC; | ) | |
| NACA REALTY CORPORATION; | ) | |
| NACA Limited Partnership, an affiliate of General | ) | **JURY DEMAND** |
| Electric Pension Trust; | ) | |
| UST XV Madison Ltd., an Affiliate of Estein | ) | |
| & Associates; | ) | |
| MB REAL ESTATE SERVICES LLC; | ) | |
| Special Administrator of the Estate of | ) | |
| JOSEPH JACKSON,  deceased, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

### COMMON ALLEGATIONS

1.     On or about December 8, 2006, and at all times material, there was a building located at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois.

2.     On or about December 8, 2006, and at all times material, GE ASSET MANAGEMENT, INC. (hereinafter "GE") owned and/or operated the building at 500 West Madison Street, in the City of Chicago, County of Cook, State of Illinois (hereinafter referred to as "the building").

1

3.     On or about December 8, 2006, and at all times material, UST-GEPT, a Joint Venture (hereinafter "UST-GEPT") owned and/or operated the building.

4.     On or about December 8, 2006, and at all times material, GE was a corporation in good standing with the Illinois Secretary of State Corporate Division and had its agent listed as Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     On or about December 8, 2006, and at all times material, NACA LTD Partnership; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an Affiliate of General Electric Pension Trust (hereinafter "NACA") owned and/or operated the building.

6.     On or about December 8, 2006, and at all times material, UST XV Madison Ltd., an Affiliate of Estein & Associates (hereinafter "UST") owned and/or operated the building.

7.     On or about December 8, 2006, and at all times material, MB REAL ESTATE SERVICES LLC (hereinafter "MB") owned and/or operated the property located at 500 West Madison Street, City of Chicago, State of Illinois (hereinafter referred to as the property). Their headquarters is located at 181 West Madison, Suite 3900, Chicago, Cook County, Illinois.

8.     On or about December 8, 2006, and at all times material, ALLIEDBARTON SECURITY SERVICES, LLC a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON") was a corporation Illinois with its registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.     On or about December 8, 2006, and at all times material, ALLIEDBARTON provided security services to the building.

2

10.     On or about December 8, 2006, the owner, operator and/or security service of the building and/or property controlled access to the building.

11.     On or about December 8, 2006, the owner, operator and/or security service of the building and/or property controlled access to the upper floors of the building.

12.     On or about December 8, 2006, the owner, operator and/or security service of the building and/or property limited access to the upper floors of the building.

13.     Prior to December 8, 2006, the owner, operator and/or security service of the building and/or property devised and implemented a plan and/or process for controlling and/or limiting access to the building.

14.     On or about December 8, 2006, the owner, operator and/or security service of the building and/or property required individuals to check in at an entrance desk prior to allowing the individuals access to the upper floors of the building.

15.     Prior to December 8, 2006, the owner, operator and/or security service of the building and/or property devised and implemented a plan and/or process for requiring individuals to check in at an entrance desk prior to allowing the individuals access to the upper floors of the building.

16.     On and before December 8, 2006, the owner and/or operator of the building and/or property devised and implemented a plan and/or process for managing and/or operating the building.

17.     On and before December 8, 2006, the owner and/or operator of the building and/or property performed and/or facilitated the performance of maintenance and/or repair to the building.

3

18.     On and before December 8, 2006, the owner and/or operator of the building and/or property performed and/or facilitated the performance of maintenance and/or repair to all systems of entry to tenant space within the building.

19.     On and before December 8, 2006, the law firm of Woods, Philips, Katz, Clark & Mortimer was a tenant of the building occupying space on the 38th floor.

20.     Prior to December 8, 2006, an agent of Woods, Philips, Katz, Clark & Mortimer notified the owner and/or operator of the building and/or property that the system of locking the entry to its tenant space was broken and in need of repair by the owner and/or operator of the building and/or property.

21.     On and before December 8, 2006, ALLEN J. HOOVER worked for Woods, Philips, Katz, Clark & Mortimer.

22.     On and before December 8, 2006, ALLEN J. HOOVER was an invitee of the building and/or property.

23.     On or about December 8, 2006, JOSEPH JACKSON resided at 6008 West North Avenue, 1st Floor, Chicago.

24.     On or about December 8, 2006, JOSEPH JACKSON entered the 500 West Madison Street building and asked to go to see an attorney that worked on the 38th floor, however, he was denied access

25.     On or about December 8, 2006, JOSEPH JACKSON went to the loading dock of the building at 500 West Madison, City of Chicago, and gained access to the building.

4

26.     On or about December 8, 2006, JOSEPH JACKSON was taken to the 38th floor by an employee and/or agent of ALLIEDBARTON and the owners and/or operators of the building.

27.     On or about December 8, 2006, JOSEPH JACKSON entered the offices of Woods, Philips, Katz, Clark & Mortimer on the 38th floor of the 500 West Madison Street building.

28.     On or about December 8, 2006, JOSEPH JACKSON shot and killed ALLEN J. HOOVER without provocation.

## Count I
### (Wrongful Death- ALLIEDBARTON SECURITY SERVICES, LLC.
### a/k/a ALLIEDBARTON SECURITY SERVICES)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON"), pleading hypothetically and in the alternative, state as follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.     On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, ALLIEDBARTON, was then and there negligent in one or more of the following respects:

a.      failed to provide adequate building security; or

5

b. failed to timely alert the police; or

c. failed to provide a safe and secure work environment; or

d. failed to provide an adequate amount of security guards in the building; or

e. failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f. failed to properly train their security personnel; or

g. improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

h. failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i. failed to prevent Joseph Jackson from shooting ALLEN J. HOOVER; or

j. failed to physically restrain JOSEPH JACKSON prior to his shooting ALLEN J. HOOVER; or

k. was otherwise negligent.

32. As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

33. At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

34. Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a

6

ALLIEDBARTON SECURITY SERVICES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

### Count II
(Survival Count- ALLIEDBARTON SECURITY SERVICES, LLC.
a/k/a ALLIEDBARTON SECURITY SERVICES)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES (hereinafter "ALLIEDBARTON"), pleading hypothetically and in the alternative, state as follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.     On or about December 8, 2006, ALLIEDBARTON owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, ALLIEDBARTON, was then and there negligent in one or more of the following respects:

       a.     failed to provide adequate building security; or

       b.     failed to timely alert the police; or

       c.     failed to provide a safe and secure work environment; or

       d.     failed to provide an adequate amount of security guards in the building; or

       e.     failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

       f.     failed to properly train their security personnel; or

7

g.   improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

h.   failed to prevent JOSEPH JACKSON from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.   failed to prevent JOSEPH JACKSON from shooting ALLEN J. HOOVER; or

j.   failed to physically restrain Joseph Jackson prior to his shooting ALLEN J. HOOVER; or

k.   was otherwise negligent.

32.   As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, ALLIEDBARTON SECURITY SERVICES, LLC. a/k/a ALLIEDBARTON SECURITY SERVICES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

### Count III
(Wrongful Death- UST-GEPT, a Joint Venture)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST-GEPT, a Joint Venture, pleading hypothetically and in the alternative, state as follows:

29.   Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

8

30.     On or about December 8, 2006, UST-GEPT owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, UST-GEPT, was then and there negligent in one or more of the following respects:

      a.    failed to provide adequate building security; or

      b.    failed to timely alert the police; or

      c.    failed to provide a safe and secure work environment; or

      d.    failed to provide an adequate amount of security guards in the building; or

      e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

      f.    failed to properly train their security personnel; or

      g.    improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

      h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

      i.    failed to prevent Joseph Jackson from shooting ALLEN J. HOOVER; or

      j.    failed to physically restrain JOSEPH JACKSON prior to his shooting ALLEN J. HOOVER; or

      k.    was otherwise negligent.

32.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

33.     At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

9

34.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST-GEPT, a Joint Venture, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count IV
(Survival Count- UST-GEPT)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST-GEPT, a Joint Venture, pleading hypothetically and in the alternative, state as follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.     On or about December 8, 2006, UST-GEPT owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, UST-GEPT, was then and there negligent in one or more of the following respects:

        a.     failed to provide adequate building security; or

        b.     failed to timely alert the police; or

        c.     failed to provide a safe and secure work environment; or

        d.     failed to provide an adequate amount of security guards in the building; or

10

e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.    failed to properly train their security personnel; or

g.    improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

h.    failed to prevent JOSEPH JACKSON from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.    failed to prevent JOSEPH JACKSON from shooting ALLEN J. HOOVER; or

j.    failed to physically restrain Joseph Jackson prior to his shooting ALLEN J. HOOVER; or

k.    was otherwise negligent.

32.    As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST-GEPT, a Joint Venture, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

### Count V
(Wrongful Death- GE ASSET MANAGEMENT, INC.)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, GE ASSET MANAGEMENT, INC., (hereinafter "GE") pleading hypothetically and in the alternative, state as follows:

11

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.     On or about December 8, 2006, GE owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, GE, was then and there negligent in one or more of the following respects:

  a.   failed to provide adequate building security; or

  b.   failed to timely alert the police; or

  c.   failed to provide a safe and secure work environment; or

  d.   failed to provide an adequate amount of security guards in the building; or

  e.   failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

  f.   failed to properly train their security personnel; or

  g.   improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

  h.   failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

  i.   failed to prevent Joseph Jackson from shooting ALLEN J. HOOVER; or

  j.   failed to physically restrain JOSEPH JACKSON prior to his shooting ALLEN J. HOOVER; or

  k.   was otherwise negligent.

32.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

12

33.    At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

34.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, GE ASSET MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count VI**
(Survival Count- GE ASSET MANAGEMENT, INC.)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, GE ASSET MANAGEMENT, INC. (hereinafter "GE") pleading hypothetically and in the alternative, state as follows:

29.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.    On or about December 8, 2006, GE owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.    On or about December 8, 2006, and at all times material, Defendant, GE, was then and there negligent in one or more of the following respects:

a.    failed to provide adequate building security; or

b.    failed to timely alert the police; or

13

c.   failed to provide a safe and secure work environment; or

d.   failed to provide an adequate amount of security guards in the building; or

e.   failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.   failed to properly train their security personnel; or

g.   improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

h.   failed to prevent JOSEPH JACKSON from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.   failed to prevent JOSEPH JACKSON from shooting ALLEN J. HOOVER; or

j.   failed to physically restrain Joseph Jackson prior to his shooting ALLEN J. HOOVER; or

k.   was otherwise negligent.

32.   As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, GE ASSET MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

14

## Count VII

(Wrongful Death- NACA LTD. PARTNERSHIP; NACA MADISON, LLC
NACA REALTY CORPORATION; and
NACA Limited Partnership, an affiliate of General Electric Pension Trust)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J.

HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby

complaining of Defendants, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA

REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric

Pension Trust, (hereinafter "NACA")pleading hypothetically and in the alternative, state as

follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1

through 28 above.

30.     On or about December 8, 2006, NACA owed a duty of care to provide adequate

and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, NACA, was

then and there negligent in one or more of the following respects:

        a.      failed to provide adequate building security; or

        b.      failed to timely alert the police; or

        c.      failed to provide a safe and secure work environment; or

        d.      failed to provide an adequate amount of security guards in the building; or

        e.      failed to have and/or implement standard operating procedures for keeping
              a record of who and when a person is denied access to the building; or

        f.      failed to properly train their security personnel; or

        g.      improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West
              Madison building; or

15

h.      failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.      failed to prevent Joseph Jackson from shooting ALLEN J. HOOVER; or

j.      failed to physically restrain JOSEPH JACKSON prior to his shooting ALLEN J. HOOVER; or

k.      was otherwise negligent.

32.     As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

33.     At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

34.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

16

## Count VIII

(Survival Count- NACA LTD. PARTNERSHIP; NACA MADISON, LLC;
NACA REALTY CORPORATION; and
NACA Limited Partnership, an affiliate of General Electric Pension Trust)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J.

HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby

complaining of Defendant, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA

REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric

Pension Trust (hereinafter "NACA"), pleading hypothetically and in the alternative, state as

follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1

through 28 above.

30.     On or about December 8, 2006, NACA owed a duty of care to provide adequate

and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, NACA, was

then and there negligent in one or more of the following respects:

        a.      failed to provide adequate building security; or

        b.      failed to timely alert the police; or

        c.      failed to provide a safe and secure work environment; or

        d.      failed to provide an adequate amount of security guards in the building; or

        e.      failed to have and/or implement standard operating procedures for keeping
            a record of who and when a person is denied access to the building; or

        f.      failed to properly train their security personnel; or

        g.      improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West
            Madison building; or

17

    h.     failed to prevent JOSEPH JACKSON from obtaining access to the 38th Floor of the 500 West Madison Street building; or

    i.     failed to prevent JOSEPH JACKSON from shooting ALLEN J. HOOVER; or

    j.     failed to physically restrain Joseph Jackson prior to his shooting ALLEN J. HOOVER; or

    k.     was otherwise negligent.

32.    As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, NACA LTD. PARTNERSHIP; NACA MADISON, LLC; NACA REALTY CORPORATION; and NACA Limited Partnership, an affiliate of General Electric Pension Trust, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count IX
(Wrongful Death- UST XV Madison Ltd., an Affiliate of Estein & Associates)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, pleading hypothetically and in the alternative, state as follows:

29.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.    On or about December 8, 2006, UST owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.    On or about December 8, 2006, and at all times material, Defendant, UST, was then and there negligent in one or more of the following respects:

    a.    failed to provide adequate building security; or

    b.    failed to timely alert the police; or

    c.    failed to provide a safe and secure work environment; or

    d.    failed to provide an adequate amount of security guards in the building; or

    e.    failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

    f.    failed to properly train their security personnel; or

    g.    improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

    h.    failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

    i.    failed to prevent Joseph Jackson from shooting ALLEN J. HOOVER; or

    j.    failed to physically restrain JOSEPH JACKSON prior to his shooting ALLEN J. HOOVER; or

    k.    was otherwise negligent.

32.    As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

33.    At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

19

34.     Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count X
(Survival Count- UST XV Madison Ltd., an Affiliate of Estein & Associates)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, UST XV Madison Ltd., an Affiliate of Estein & Associates, pleading hypothetically and in the alternative, state as follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.     On or about December 8, 2006, UST owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, UST, was then and there negligent in one or more of the following respects:

      a.     failed to provide adequate building security; or

      b.     failed to timely alert the police; or

      c.     failed to provide a safe and secure work environment; or

20

d.   failed to provide an adequate amount of security guards in the building; or

e.   failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

f.   failed to properly train their security personnel; or

g.   improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

h.   failed to prevent JOSEPH JACKSON from obtaining access to the 38th Floor of the 500 West Madison Street building; or

i.   failed to prevent JOSEPH JACKSON from shooting ALLEN J. HOOVER; or

j.   failed to physically restrain Joseph Jackson prior to his shooting ALLEN J. HOOVER; or

k.   was otherwise negligent.

32.   As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, UST XV Madison Ltd., an Affiliated of Estein & Associates, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

### Count XI
(Wrongful Death- MB REAL ESTATE SERVICES, LLC.)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby

complaining of Defendant, MB REAL ESTATE SERVICES, LLC., pleading hypothetically and in the alternative, state as follows:

29.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.     On or about December 8, 2006, MB owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

31.     On or about December 8, 2006, and at all times material, Defendant, MB, was then and there negligent in one or more of the following respects:

   a.     failed to provide adequate building security; or

   b.     failed to timely alert the police; or

   c.     failed to provide a safe and secure work environment; or

   d.     failed to provide an adequate amount of security guards in the building; or

   e.     failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

   f.     failed to properly train their security personnel; or

   g.     improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

   h.     failed to prevent Joseph Jackson from obtaining access to the 38th Floor of the 500 West Madison Street building; or

   i.     failed to prevent Joseph Jackson from shooting ALLEN J. HOOVER; or

   j.     failed to physically restrain JOSEPH JACKSON prior to his shooting ALLEN J. HOOVER; or

   k.     was otherwise negligent.

22

32. As a proximate result of the foregoing negligent acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

33. At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

34. Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, MB REAL ESTATE SERVICES LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count XII
(Survival Count- MB REAL ESTATE SERVICES, LLC)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, MB REAL ESTATE SERVICES, LLC, pleading hypothetically and in the alternative, state as follows:

29. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30. On or about December 8, 2006, MB owed a duty of care to provide adequate and proper security to the occupants of the 500 West Madison building.

23

31.     On or about December 8, 2006, and at all times material, Defendant, MB, was then and there negligent in one or more of the following respects:

        a.     failed to provide adequate building security; or

        b.     failed to timely alert the police; or

        c.     failed to provide a safe and secure work environment; or

        d.     failed to provide an adequate amount of security guards in the building; or

        e.     failed to have and/or implement standard operating procedures for keeping a record of who and when a person is denied access to the building; or

        f.     failed to properly train their security personnel; or

        g.     improperly escorting JOSEPH JACKSON to the 38th floor of the 500 West Madison building; or

        h.     failed to prevent JOSEPH JACKSON from obtaining access to the 38th Floor of the 500 West Madison Street building; or

        i.     failed to prevent JOSEPH JACKSON from shooting ALLEN J. HOOVER; or

        j.     failed to physically restrain Joseph Jackson prior to his shooting ALLEN J. HOOVER; or

        k.     was otherwise negligent.

32.     As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, MB REAL ESTATE SERVICES, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## **Count XIII**
(Wrongful Death- JOSEPH JACKSON)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, Special Administrator of the Estate of JOSEPH JACKSON, deceased, pleading hypothetically and in the alternative, state as follows:

29.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.    As a proximate result of the foregoing acts and/or omissions, the survivors of ALLEN J. HOOVER have sustained substantial pecuniary loss, including the loss of his society, companionship, services, and support, and expenses for funeral and burial.

31.    At the time of his death, ALLEN J. HOOVER left surviving him: Louise E. Hoover, his wife; Allen E. Hoover, his son; and Annette Hoover, his daughter.

32.    Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, Special Administrator of the Estate of JOSEPH JACKSON, deceased, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

25

## Count XIV

### (Survival Count- JOSEPH JACKSON)

NOW COMES Plaintiff, LOUISE E. HOOVER, as Executor of the Estate ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., hereby complaining of Defendant, Special Administrator of the Estate of JOSEPH JACKSON, deceased, pleading hypothetically and in the alternative, state as follows:

29.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 28 above.

30.    As a proximate result of the foregoing negligent acts and/or omissions, ALLEN J. HOOVER was injured and later died.

WHEREFORE, Plaintiff, LOUISE E. HOOVER, as Executor of the Estate of ALLEN J. HOOVER, Deceased, by and through her attorneys, POWER ROGERS & SMITH. P.C., requests judgment against Defendant, Special Administrator of the Estate of JOSEPH JACKSON, deceased, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

By: _____/s/ Larry R. Rogers_____
Attorneys for Plaintiff

Joseph A. Power, Jr.
Larry R. Rogers
Brian LaCien
POWER, ROGERS & SMITH, P.C.
70 West Madison Street
55th Floor
Chicago, IL 60602-4212
T: 312/236-9381
F: 312-236-9381

26