Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 82 | **DATE** | 4/30/2007 |
| **CASE TITLE** | McKenna vs. Alliedbarton | | |

### DOCKET ENTRY TEXT

Plaintiffs' Motion for Leave to File First Amended Complaint at Law [42] and Plaintiffs' Motion to Remand [43] are granted. Plaintiffs' Second Amended Complaints at Law are the operative complaints in this matter. Because the NACA Defendants' motion to dismiss [12] addresses Plaintiffs' initial complaint, it is denied as moot. This matter is remanded to the Circuit Court of Cook County for further proceedings. Status hearing set for 5/4/2007 is stricken. Civil case terminated.

■[ For further details see text below.]                                    Notices mailed by Judicial staff.

---

## STATEMENT

Before the Court are Plaintiffs' Motion for Leave to File First Amended Complaint at Law and Plaintiffs' Motion to Remand. For the following reasons, the Court grants both motions.

### BACKGROUND

Plaintiffs Suzanne E. Malec McKenna (as Executor and Personal Representative of the Estate of Michael R. Malec McKenna), Louise E. Hoover (as Executor of the Estate of Allen J. Hoover) and Ruth Zak Lieb filed three separate complaints against the Defendants in this matter that have been consolidated before this Court. Plaintiffs' allegations arise out of a shooting that occurred on or about December 8, 2006, at 500 West Madison Street in Chicago, in which Plaintiffs or Plaintiffs' decedents were injured or killed. (R. 1-1, Compl. at Law, Ex. A to Notice of Removal; Case No. 07 C 0083, R. 1-1, Compl. at Law, Ex. A to Notice of Removal; Case No. 07 C 0084, Compl. at Law, Ex. A to Notice of Removal.) Plaintiffs initially named the owners, operators, and security providers for the building at 500 West Madison as Defendants. (*Id.*) The alleged shooter, Joseph Jackson, was not named in the initial complaints.

Plaintiffs filed their initial complaints in the Circuit Court of Cook County on December 29, 2006. (*Id.*) On January 5, 2007, Defendant AlliedBarton Security Services, LLC ("AlliedBarton") removed the actions to federal court based on diversity jurisdiction. (Notices of Removal, R. 1-1 in Case Nos. 07 CV 82, 07 CV 83, and 07 CV 84.) Over seven weeks later, on February 26, 2007, AlliedBarton filed a Third-Party Complaint against the Special Administrator of the Estate of Joseph Jackson ("the Special Administrator"), seeking

## STATEMENT

contribution in the event that AlliedBarton is found liable to Plaintiffs.  (R. 36-1, Third-Party Compl. Against the Special Admin. of the Estate of Joseph Jackson.)  Just two days later, on February 28, 2007, Plaintiffs filed their Motion for Leave to File First Amended Complaint at Law, seeking to add the Special Administrator as a defendant and adding a small number of substantive allegations.  (R. 42-1.)  Plaintiffs' Motion to Remand, also filed on February 28, 2007, argues that the Court should remand this action to the Cook County Circuit Court because if the Special Administrator is added as a defendant, the complete diversity of citizenship necessary to this Court's subject matter jurisdiction is destroyed.  (R. 43-1.)

Defendants in this matter – other than AlliedBarton – filed a joint opposition to both the motion for leave and the motion for remand.  (R. 62-1.)  Specifically, UST-GEPT; GE Asset Management, Inc.; NACA Ltd. Partnership; NACA Madison, LLC; NACA Realty Corporation; UST XV Madison, Ltd.; and MB Real Estate Services, LLC (the "NACA Defendants") are parties to the opposition.  AlliedBarton later filed papers in opposition that they termed a surreply to Plaintiffs' motions.  (R. 72-1.)

Because the proposed First Amended Complaint at Law and AlliedBarton's Third Party Complaint failed to include allegations regarding the citizenship of the parties, the Court instructed them to amend their complaints to include these allegations.  (R. 77-1, Minute Order dated Apr. 20, 2007.)  On April 26, 2007, Plaintiffs submitted proposed Second Amended Complaints at Law (R. 80-1, 81-1, 82-1), and on April 27, 2007, AlliedBarton filed its Amended Third-Party Complaint Against the Special Administrator of the Estate of Joseph Jackson.  (R. 84-1.)  The Court now considers Plaintiffs' motion for leave as a motion for leave to file the Second Amended Complaints.

## LEGAL STANDARD

"If after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e).  While the Seventh Circuit has not articulated the factors district courts should consider in exercising their discretion, the district courts of this Circuit have relied upon four factors: "(1) plaintiff's motivation in seeking to join the parties, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) timeliness of the request; (3) any prejudice to the parties flowing from the motion; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum."  *Bostrom v. Target Corp.,* No. 06 CV 1628, 2006 WL 3370176 at *1 (N.D. Ill. Nov. 21, 2006) (collecting cases); *see also Perez v. Arcobaleno Pasta Machs., Inc.,* 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003).  Courts place the greatest emphasis on Plaintiffs' motive for seeking the amendment.  *Bostrom,* 2006 WL 3370176 at *2.

## ANALYSIS

### I.    Leave to Amend

As is explained further below, joinder of the Special Administrator would destroy subject matter jurisdiction, so the Court proceeds with a 28 U.S.C. § 1447(e) analysis.  The primary inquiry is whether Plaintiffs have sought joinder "solely to defeat federal jurisdiction."  *Id.* at *1.  Defendants argue that joinder of the Special Administrator is improper because Plaintiffs' only conceivable purpose in seeking joinder is to destroy diversity.  (R. 62-1, Opp. to Pls.' Mots. at 4; R. 72-1, Surreply to Pls.' Mots. at 3.)  Their position is

2

| STATEMENT |
| --- |

based largely on their view that "Jackson's estate is likely to be judgment proof" because "[h]e is deceased, and no estate has been opened by his heirs, indicating that he had no substantial assets." (R. 62-1, Opp. to Pls.' Mots. at 5.) Given that Plaintiffs are unlikely to recover damages from the Special Administrator, the argument goes, Plaintiffs' only possible motivation for seeking joinder is to destroy this Court's subject matter jurisdiction.

The sequence of events in this case, however, suggests that Plaintiffs were not primarily motivated by jurisdictional concerns. Plaintiffs did not initially name Jackson as a defendant. Significantly, Plaintiffs also did not attempt to add Jackson as a defendant in the seven week period that followed AlliedBarton's removal of this case, as one would expect from a party bent on destroying diversity. Instead, only after AlliedBarton filed a Third-Party Complaint against the Special Administrator – and indeed, just two days after – Plaintiffs followed AlliedBarton's lead and named the Special Administrator as a defendant in the initial action. While Plaintiffs may have initially decided that naming Jackson was not financially viable given his estate's potential lack of resources, AlliedBarton's decision to go through the time and effort of adding the Special Administrator as a defendant suggests that it thought that the estate may be solvent. Once the Special Administrator was added to the case, Plaintiffs can hardly be blamed for pursuing the same opportunity to collect against Jackson and his estate.[1]

The NACA Defendants try to explain AlliedBarton's actions without confronting the possible solvency of Jackson's estate by claiming that AlliedBarton added Jackson only to "ensure that the finder of fact has an opportunity to assess blame against Jackson." (R. 62-1, Opp. to Pls.' Mots. at 2.) They imply that the Special Administrator's mere presence in the case should satisfy Plaintiffs' needs, and that Plaintiffs must therefore have been motivated by destroying diversity. The jury could have found that Jackson (rather than Defendants) was at fault regardless of whether he is a party to the case. AlliedBarton added the Special Administrator as a party because it wanted to ensure that Jackson would be liable for contribution in the event that AlliedBarton was found liable to Plaintiffs. (R. 36-1, Third-Party Compl. Against the Special Administrator ¶ 17.) While the NACA Defendants state that Jackson "is likely to be judgment proof" (R. 62-1, Opp. to Pls.' Mots. at 5), they do not go so far as to say that he *is* judgment proof, because they do not know that for sure. The uncertainty surrounding this issue may explain Plaintiffs' course of action, and their efforts to add Jackson as a defendant thus appear to be legitimate efforts to collect damages rather than an effort to destroy diversity jurisdiction. At the very least, the Court cannot conclude that Plaintiffs were motivated "solely" by jurisdictional concerns, which is the relevant inquiry here. *See Bostrom,* 2006 WL 3370176 at *1.

The other relevant factors also weigh in favor of allowing joinder in this case. Plaintiffs timely filed their request to amend their complaint. While several weeks passed after Plaintiffs filed their initial complaint and before they filed their motion to amend, they filed their motion just two days after AlliedBarton filed the Third Party Complaint that prompted Plaintiffs to act. The NACA Defendants claim that Plaintiffs unduly delayed because they were aware of Jackson's role at the time they filed their state court complaint, and nothing learned through discovery motivated their decision to add the Special Administrator. This argument ignores that Plaintiffs were driven by the Special Administrator's addition as a third-party defendant rather than by any newly discovered facts. Furthermore, the NACA Defendants have not argued that they have suffered any prejudice resulting from the passage of time after Plaintiffs filed their complaint, and given that this case is still relatively young, there likely has been none. *See County of Cook v. Philip Morris, Inc.,* No. 97 C 3295, 1997 WL 667777 at *2 (N.D. Ill. Oct. 17, 1997) ("Two months and three weeks is hardly an undue

3

| STATEMENT |
| --- |

delay, especially where no significant activity has occurred in the action.").

The NACA Defendants do argue, however, that they will suffer prejudice if they are forced to proceed in state court. They note the "potential bias" that they could face in state court as foreign companies. (R. 62-1, Opp. to Pls.' Mots. at 7.) This factor does not weigh in favor of a denial of joinder. Potential for bias against a foreign party upon remand exists in most (if not all) 28 U.S.C. § 1447(e) cases, and the NACA Defendants have failed to provide any indication that they are particularly likely to face any prejudice here. While the NACA Defendants have a legitimate interest in proceeding in a federal forum, that interest does not outweigh Plaintiffs' interest in proceeding against a party that may likely be culpable for their damages. *See Perez,* 261 F. Supp. 2d at 1002. After weighing all of the relevant factors, and paying special attention to Plaintiffs' motivation for seeking joinder, the Court finds that joining the Special Administrator as a defendant in this case is appropriate.

The NACA Defendants spend a large portion of their opposition brief discussing the merits of their pending motion to dismiss. The motion to dismiss is irrelevant to the current motion, except to the extent that the NACA Defendants briefly suggest (but do not clearly argue) that the Court should deny the motion to amend because the substantive amendments do not overcome the weaknesses identified in the motion to dismiss, and are therefore futile. While AlliedBarton has filed an Answer to Plaintiffs' Complaint, the NACA Defendants have not, and as a result, Plaintiffs can still amend as to the NACA Defendants as a matter of course pursuant to Fed. R. Civ. P. 15(a). *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure Civ. 2d* § 1481 (2007 Supp.) (in a multiple defendant case in which fewer than all defendants have filed a responsive pleading, "if the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a 'responsive pleading' has not been served for purposes of Rule 15(a) and plaintiff may amend the complaint as of course with regard to those defendants that have not answered"); *Crestview Vill. Apts. v. Department of Hous. and Urban Dev.,* 383 F.3d 552, 557 (7th Cir. 2004) (for purposes of Rule 15(a), a motion to dismiss does not constitute a responsive pleading). In response, the NACA Defendants cite Seventh Circuit precedent holding that even the right to amend as a matter of course is not absolute, and that "a court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview,* 383 F.3d at 558 (citation omitted). Here, the Court has not addressed the first motion to dismiss or found that the initial complaint is indeed deficient, so there is no reason to take the unusual step of denying leave to amend as a matter of course. Furthermore, even if Plaintiffs were not entitled to amend as a matter of course given that AlliedBarton has answered, Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). There is no reason to deny leave to amend the allegations in the complaint given that the Court has not yet addressed any motion to dismiss, and that no prejudice will result.

## II.    Motion to Remand

Now that the Court has permitted Plaintiffs' motion to amend, it turns to the motion to remand. Plaintiffs and the Special Administrator are citizens of Illinois. (R. 80-1, 81-1, 82-1, Second Am. Compls. ¶¶ 2, 10; R. 84-1, Am. Third-Party Compl. Against the Special Administrator of the Estate of Joseph Jackson ¶¶ 6-8, 11); *see also* 28 U.S.C. § 1332(c) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). The addition of the Special Administrator as a defendant therefore destroys the absolute diversity of citizenship that provided this Court with subject matter jurisdiction

4

**STATEMENT**

pursuant to 28 U.S.C. § 1332(a). Once a court has permitted joinder pursuant to 28 U.S.C. § 1447(e), thus destroying diversity, remand of the case to state court is mandatory. *Perez,* 261 F. Supp. at 1001. As a result, Plaintiffs' motion to remand is granted.

## CONCLUSION

Plaintiffs' Motion for Leave to File First Amended Complaint at Law and Plaintiffs' Motion to Remand are granted. Plaintiffs' Second Amended Complaints at Law are the operative complaints in this matter. Because the NACA Defendants' motion to dismiss addresses Plaintiffs' initial complaint, it is denied as moot. This matter is remanded to the Circuit Court of Cook County for further proceedings.

1. In their "surreply," AlliedBarton notes that counsel for Plaintiffs told the Court on February 7, 2007 – prior to AlliedBarton's Third-Party Complaint and Defendants' motion to amend – that Plaintiffs were considering adding the Special Administrator as a party. Plaintiffs' mere consideration of that option at that time does not mean that their decision to amend was not motivated primarily by AlliedBarton's decision to file its Third-Party Complaint.

5