Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 82 | **DATE** | 9/6/2007 |
| **CASE TITLE** | McKenna vs. Alliedbarton | | |

**DOCKET ENTRY TEXT**

MOTION by Defendant Alliedbarton Security Services LLC for reconsideration regarding order on motion for leave to file, order on motion to remand, order on motion to dismiss, terminate deadlines and hearings, terminated case,,,,,,,,,,, [85] AlliedBarton Security Services, LLC's Rule 59(e) Motion to Reconsider [86] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is AlliedBarton Security Services, LLC's Rule 59(e) Motion to Reconsider. For the following reasons, the motion is denied.

### BACKGROUND

On April 30, 2007, the Court issued an order granting (1) Plaintiffs' Motion for Leave to File First Amended Complaint at Law; and (2) Plaintiffs' Motion to Remand. AlliedBarton Security Services, LLC ("AlliedBarton") now moves the Court to reconsider its ruling. This order presumes familiarity with the Court's April 30 order, and does not repeat all background information stated therein.

Plaintiffs filed their initial complaints in the Circuit Court of Cook County on December 29, 2006. (R. 1-1, Compl. at Law, Ex. A to Notice of Removal; R. 1-1 (Case No. 07 C 0083), Compl. at Law, Ex. A to Notice of Removal; R. 1-1 (Case No. 0084), Compl. at Law, Ex. A to Notice of Removal.) On January 5, 2007, Defendant AlliedBarton Security Services, LLC ("AlliedBarton") removed the actions to federal court based on diversity jurisdiction. (Notices of Removal, R. 1-1 in Case Nos. 07 CV 82, 07 CV 83, and 07 CV 84.) Over seven weeks later, on February 26, 2007, AlliedBarton filed a Third-Party Complaint against the Special Administrator of the Estate of Joseph Jackson ("the Special Administrator"), seeking contribution in the event that AlliedBarton is found liable to Plaintiffs. (R. 36-1, Third-Party Compl. Against the Special Admin. of the Estate of Joseph Jackson.) Just two days later, on February 28, 2007, Plaintiffs filed their Motion for Leave to File First Amended Complaint at Law, seeking to add the Special Administrator as a defendant and adding a

## STATEMENT

small number of substantive allegations. (R. 42-1.) Plaintiffs' Motion to Remand, also filed on February 28, 2007, argued that the Court should remand this action to the Cook County Circuit Court because if the Special Administrator is added as a defendant, the complete diversity of citizenship necessary to this Court's subject matter jurisdiction is destroyed. (R. 43-1.)

AlliedBarton concedes that the Court applied the proper legal standards in ruling on Plaintiffs' motions. As the Court noted in its initial order, "[i]f after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). While the Seventh Circuit has not articulated the factors district courts should consider in exercising their discretion, the district courts of this Circuit have relied upon four factors: "(1) plaintiff's motivation in seeking to join the parties, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) timeliness of the request; (3) any prejudice to the parties flowing from the motion; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum." *Bostrom v. Target Corp.,* No. 06 CV 1628, 2006 WL 3370176 at *1 (N.D. Ill. Nov. 21, 2006) (collecting cases); *see also Perez v. Arcobaleno Pasta Machs., Inc.,* 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003). Courts place the greatest emphasis on Plaintiffs' motive for seeking the amendment. *Bostrom,* 2006 WL 3370176 at *2.

Applying this standard, the Court concluded that the sequence of events in this case did not indicate that Plaintiffs' "sole" motivation for joining the Special Administrator of Jackson's estate ("Jackson") was to defeat diversity jurisdiction. Plaintiffs did not attempt to join Jackson as a defendant during the seven week period following AlliedBarton's removal of the case, instead joining him only after AlliedBarton filed a Third-Party Complaint naming Jackson as a third-party defendant. In analyzing Plaintiffs' motions, the April 30 order noted that "AlliedBarton's decision to go through the time and effort of adding the Special Administrator as a defendant suggests that it thought that the estate may be solvent" (R. 85-1, Minute Order dated Apr. 30, 2007 at 3), and that Plaintiffs likely drew the same conclusion after AlliedBarton named Jackson. The order also rejected Defendants' suggestion that their complaint against Jackson had nothing to do with collecting against Jackson and was only an effort to "ensure that the finder of fact has an opportunity to assess blame against Jackson" (R. 62-1, Opp. to Pls.' Mots. at 2), because "[t]he jury could have found that Jackson (rather than Defendants) was at fault regardless of whether he is a party to the case." (R. 85-1, Minute Order dated Apr. 30, 2007 at 3.) At the end of the day, the Court found that it could not conclude that Plaintiffs were motivated "solely" by jurisdictional concerns. As a result, and because the other factors discussed in *Bostrom* also weighed in favor of permitting joinder, the Court granted Plaintiffs' Motion for Leave to File First Amended Complaint, and, as a result, their Motion to Remand.

## LEGAL STANDARD

Fed. R. Civ. P. 59(e) permits parties to file, within ten days of the entry of judgment, a motion to alter or amend the judgment. Motions under Rule 59(e) serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence. *See County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 819 (7th Cir. 2006). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures" or "introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996); *see also Estremera v. United States,* 442 F.3d 580, 587 (7th Cir. 2006). Instead, Rule

2

## STATEMENT

59(e) "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

## ANALYSIS

AlliedBarton's motion to reconsider includes two arguments. First, it argues that the Court's conclusion that Plaintiffs did not join Jackson for the sole purpose of defeating diversity jurisdiction constitutes manifest error. Second, it argues that the addition of the Special Administrator of the Estate of Joseph Jackson cannot provide the basis for remand because no specific individual currently serves in the capacity of Special Administrator. The Court considers each argument in turn.

### I.     Plaintiffs' Reason for Joining Jackson

AlliedBarton's argument regarding Plaintiffs' motivation for joining Jackson fails. The relevant legal standards alone almost certainly dictate denial of the motion. As the Court discussed in its initial order, this Court has broad discretion in weighing the four relevant factors and deciding whether to permit joinder of a new defendant that would destroy subject matter jurisdiction. (R. 85-1, Minute Order dated Apr. 30, 2007 at 2.) In asking the Court to now find that a discretionary ruling using the correct legal standard constitutes manifest error, AlliedBarton faces an uphill battle.

Regardless of the standard, however, AlliedBarton's position is unpersuasive. AlliedBarton's motion attacks part of the Court's reasoning behind its ultimate conclusion that Plaintiffs did not join Jackson for the sole purpose of defeating diversity jurisdiction. In the April 30 Order, the Court reasoned that AlliedBarton likely sued Jackson to collect damages – and not to ensure that the finder of fact has an opportunity to assess blame against Jackson – because a jury could find that Jackson was at fault (and thus refuse to find Defendants liable) regardless of whether he is a party to the case. The Court then stated that once AlliedBarton had sued Jackson, "Plaintiffs can hardly be blamed for pursuing the same opportunity to collect against Jackson and his estate." (*Id.* at 3.)

In its motion for reconsideration, AlliedBarton explains why it felt it needed to sue Jackson for reasons other than his ability to pay damages. Specifically, it argues that it needed to sue Jackson to ensure his inclusion on the jury verdict form. Under Illinois law, "[a]ny defendant whose fault . . . is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer" shall be severally liable, rather than jointly and severally liable, for all other damages. 735 ILCS 5/2-1117.[1] AlliedBarton then argues that "Plaintiffs knew this full well, and therefore refused to name the Estate of Joseph Jackson as a direct defendant when they filed in state court." (R. 86-1, AlliedBarton's Rule 59(e) Mot. to Reconsider at 4.)

AlliedBarton's argument fails, however, because it focuses on its own motivation for suing Jackson without addressing the key inquiry, which is *Plaintiffs'* motivation for doing so. Even if AlliedBarton correctly asserts that Plaintiffs declined to name Jackson until after AlliedBarton sued him because they did not want Jackson on the verdict form, this does not in any way suggest that Plaintiffs' eventual decision to

3

| STATEMENT |
|---|

add Jackson was driven by jurisdictional concerns rather than from their desire to pursue damages. Indeed, AlliedBarton's view provides a compelling explanation for why Plaintiffs might have declined to name Jackson initially even though they thought he was a solvent party who may be able to compensate Plaintiffs in some way for their damages. AlliedBarton still cannot explain why a party motivated only by destroying diversity waited for seven weeks after removal, and until after AlliedBarton sued Jackson, to join Jackson in its suit. As a result, the Court again cannot conclude that Plaintiffs' "sole" motivation in adding Jackson was to destroy diversity. It even more clearly cannot conclude that it manifestly erred in reaching this conclusion initially.

AlliedBarton's reconsideration motion focuses only on the "plaintiff's motivation" factor of the *Bostrom* analysis, and does not dispute the Court's findings regarding the other three considerations or contend that it will face any unusual prejudice if it litigates this matter in state court. AlliedBarton's argument that the Court's application of the *Bostrom* factors constitutes manifest error fails.

**II. Special Administrator as Basis for Remand**

AlliedBarton's argument that joinder of the Special Administrator cannot provide grounds for remand because no Special Administrator has been appointed also fails. First, and most importantly, AlliedBarton never raised this argument in its initial response to Plaintiffs' remand motion. Parties may not use a Rule 59(e) motion to raise new legal arguments, *Moro,* 91 F.3d at 876, and as a result, the Court cannot consider AlliedBarton's new argument now. Even if it could, however, the memorandum in support of AlliedBarton's motion fails to cite any legal authority suggesting that joinder of the Special Administrator cannot result in remand simply because no specific individual has yet been named as Special Administrator. Incidentally, it is somewhat odd that AlliedBarton advances the argument that "no legal representative of Joseph Jackson exists" when AlliedBarton has itself filed a third-party complaint against this purportedly "imaginary" entity. (R. 84-1.) And as AlliedBarton admits in its third-party complaint, pursuant to 28 U.S.C. § 1332(c)(2), "the Special Administrator of the Estate of Joseph Jackson . . . is deemed to be a citizen of the State of Illinois because the decedent, Joseph Jackson, was a citizen of the State of Illinois at the time of his death." (R. 84-1, Am. Third-Party Compl. Against the Special Admin. of the Estate of Joseph Jackson ¶ 11.)

**CONCLUSION**

For the foregoing reasons, AlliedBarton Security Services, LLC's Rule 59(e) Motion to Reconsider is denied.

---

1. While AlliedBarton accuses the Court of "disregarding" this provision in its initial Order, the accusation is unfounded given that AlliedBarton raises the provision for the first time in its reconsideration briefing.

4